# Richmond

## William T. Mooreland, Et Al. v. Joseph S. Young.

March 5, 1956.

Record No. 4469.

Present, All the Justices.

The opinion states the case.

*Hardee Chambliss, Jr.,* for the appellants.

*Livingston, McCandlish & Prichard,* for the appellee.

Whittle, J., delivered the opinion of the court.

William T. Mooreland, Herbert F. Schumann, Jr., the Board of Supervisors of Fairfax County, and the County Board of Zoning

Appeals, appellants, complain of a decree entered in the Circuit Court of Fairfax County reversing a decision of the Board of Zoning Appeals which construed paragraphs 9 and 10 of section IV-A of the zoning ordinance. The effect of the decree was to permit the uses and activities sought by Joseph S. Young, appellee, as contained in his petition.

Appellants say that no factual question is involved. They contend that the question is one of statutory construction which they phrase as follows:

"Where the undisputed evidence shows that a landowner whose property of 97 acres is admittedly subject to the * * * zoning ordinance * * *, proposes to establish on said tract, and for the purpose of making a profit, a private club with a minimum of 100 paying members, where games and sports and related activities will be pursued—then, is this a use which falls within the following expressly permitted uses in such a zone:

" '9. Private summer cottages, or cabins and recreational camp grounds to be occupied for a portion of the year, but not including tourist camps or cabins.

" '10. Public and private parks, recreational areas and resorts, including golf courses, swimming pools, and boating facilities, together with structures accessory thereto.' "

The proceedings developed as follows: Joseph S. Young addressed a petition to the Board of Zoning Appeals stating that he was the owner of 97.75 acres of land, and requested an interpretation of section IV-A, paragraphs 9 and 10 of the zoning ordinance to permit the erection of two bath houses and one recreation hall.

The application was heard by the Board. The minutes of the meeting reflect the scope of the facts presented at the hearing and a summary of these facts was embraced in a "return" of the Board as follows: "The applicant proposes to establish a club for the operation of a recreational area, which would include swimming (with accessory bath houses), horseshoe pitching, badminton and related activities."

After the hearing the Board ruled that "in the light of the arguments and facts presented" the application did not fall within the permitted uses set out under paragraphs 9 and 10 of section IV-A of the ordinance.

From this ruling Young filed a petition for appeal to the Circuit Court under the provisions of § 15-850, Virginia Code, 1950.

Pursuant to the order allowing the appeal, the Board filed its "return" in which it stated:

"In view of the facts presented * * * it was the Board's opinion that the use to which the petitioner intended to put his property was quasi commercial in character; that paragraphs 9 and 10 of section IV-A should not be construed to permit the type of use which the petitioner proposed; and that this interpretation of those paragraphs finds support in other provisions of the Ordinance, notably paragraph 15-c of section IV-A * * *. The Board considered that the provisions of paragraph 15-c of section IV-A were particularly significant; that this paragraph would seem to apply to the use which petitioner proposed; and that even under this provision of the ordinance, the Board could only grant an application where the 'use is not primarily for gain.'"

In the "return" the Board indicated that it might permit an exception to the restrictive provisions of section 15-c upon Young agreeing to certain conditions contained in section XII-F-2, paragraphs a, b, and c, which are not here pertinent, as Young insisted that the use to which he proposed to put his property clearly came within paragraphs 9 and 10 of section IV-A under which no permit is required.

The trial court, by its decree, reversed the findings of the Board and ruled that Young could use his property for the purposes enumerated. The court further held that it was "immaterial under said paragraphs 9 and 10 whether the uses to which petitioner intends to put his property as set forth in his petition are for gain."

The decree of the trial court further provided that Young need not obtain the special use permit contemplated by paragraph 15-c of section IV-A which requires a special use permit for "clubs and grounds for games or sports, provided any such use is not primarily for gain."

Many definitions were urged in oral argument and in the briefs submitted, construing such words as "private", "public", "recreational areas", "resorts", and other words and phrases used in the ordinance. In our view the words employed in the various sections under consideration need not be subjected to technical definition; they are plainly understandable.

The situation here presented is that if the uses to which Young desires to put his property are reserved by paragraphs 9 and 10 of section IV-A of the ordinance, then no permit is necessary. If on

the other hand the proposed uses of the property fall under paragraph 15-c as contended by appellants, then a permit is required.

It is conceded that Young's plans for the development of his property include the following: He proposes to use a 17-acre lake, located in a rolling, wooded area, for swimming, boating and fishing; he proposes to construct two bath houses and a small lodge or community house near the lake; he proposes to allow badminton and horseshoe pitching games; he proposes to make these facilities available to a limited number of families who will pay an initiation fee and annual dues. The grounds will not be open to the general public. Young also proposes to continue the operation of a children's day camp which has heretofore been conducted under the supervision of personnel experienced in the operation of swimming pools and children's camps.

The trial court held the proposed uses were covered by paragraphs 9 and 10. We agree with this conclusion. They come specifically within the range of paragraph 10 which permits the use of property lying within the restricted zone for a public or private park. The record and picture exhibits plainly show the layout in question to be an attractive "park", whether public or private. The paragraph next permits "recreational areas and resorts". Certainly the plan covers an attractive recreational resort area. And next the paragraph permits "golf courses". The use of this provision is not presently contemplated. Next it permits "swimming pools, and boating facilities, together with structures accessory thereto". It cannot be said that the attractive lake situated on the property does not come within this permitted use. The lake provides both swimming and boating facilities, and the requested permit to build bath houses, together with the "lodge or community house" manifestly falls within the definition of "structures accessory thereto".

The fact that the accommodations are to be profitable to Young is immaterial. It could hardly be assumed that such costly facilities would be furnished without compensation to the owner who is authorized by the section to establish both "public and private parks," etc.

If paragraph 10 is not amenable to this construction it serves no purpose in the ordinance.

■ The trial court properly held that paragraph 15-c of section IV-A did not apply to the proposed uses contained in Young's petition. That paragraph is limited in scope, permitting only "clubs

and grounds for games or sports, provided any such use is not primarily for gain". The paragraph would permit "clubs and grounds for games or sports" to be established by civic clubs or like organizations where contests "not primarily for gain" could be held. Games or sports, such as ball games, auto racing, or horse racing, conducted primarily for gain and calculated to attract crowds, would not be permitted by the paragraph.

Zoning laws should be given a fair and reasonable construction in the light of the manifest intent of the legislative body enacting them, the object sought to be attained, the natural import of the words used in common and accepted usage, the setting in which such words are employed, and the general structure of the ordinance as a whole. There should be no fundamental objection to zoning laws so long as they apply without unnecessary discrimination and are reasonable in their scope and operation; within such limits they constitute a justifiable exercise of the police power, the basis of their enactment.

It is plain that the enactment of the zoning ordinance here in question was for the purpose of promoting the health, safety, morals and general welfare of the community, and the fact that the proposed use to which Young seeks to put his property was "quasi commercial in character" in no way violates the reasoning behind the passage of the ordinance. 58 Am. Jur., Zoning, § 26, p. 955.

The decree is

*Affirmed.*