## Richmond

BOARD OF ZONING APPEALS OF FAIRFAX COUNTY AND AIR-O-FOUR
PARKING ASSOCIATION V. COLOMBIA PIKE LIMITED PARTNERSHIPS
AND SUFFOLK PROPERTIES, INC.

November 27, 1972.

Record No. 7884.

Present, All the Justices.

*N. Brent Higginbotham; Emmett C. Yokley; Arthur John Keeffe,*
for appellants.

*Robert C. Fitzgerald; Leroy S. Bendheim (John P. Milligan, Jr.;
Fitzgerald, Smith & Davis,* on brief), for appellees.

HARMAN, J., delivered the opinion of the court.

The issue here is whether the Fairfax County Zoning Ordinance
(Ordinance) compels the landlord of a commercial high rise office
building (CO-H zone) to lease and rent parking space only with
and as a part of the lease and rental of office space, thereby prohibiting
a separate agreement or contract for the rental of parking only.

The Board of Zoning Appeals of Fairfax County (Board) inter-
preted the Ordinance to require that parking space be leased only
with office space, thereby prohibiting a separate lease or rental of
parking space to tenants or employees of tenants.

The Board's interpretation was primarily based upon its findings: (1) that the Ordinance was intended to encourage off-street parking; and (2) that § 30-3.10.6 of the Ordinance prohibited any encroachment upon or reduction in the required off-street parking space "in any manner," except in circumstances which had no application to the case before it.

The trial court, on a writ of certiorari issued under Code § 15.1-497, reversed the Board's interpretation.

The trial court, in reversing the Board, found as a matter of law that the Ordinance "permit(s) and require(s) the property concerned herein to be used for motor vehicle parking and that the said law does not lawfully prohibit the charging of fees for the use or reservation of such parking spaces for employees of tenants of the building for which such motor vehicular parking is provided."

Section 30-2.2.2 of the Ordinance requires that persons constructing office space in a CO-H zone shall construct four parking spaces for each 1000 square feet of office space. That the use of such space for parking is both permitted and required by the Ordinance seems quite clear and appears to be conceded by all parties.

The appellants have failed to point out wherein the Ordinance requires the lease or rental of parking space only with office space. They would have us infer such a requirement because: (1) the purpose of the Ordinance is to encourage off-street parking; (2) the mandate of § 30-3.10.6 prohibits any encroachment upon or reduction "in any manner" in the required off-street parking; and (3) "commercial parking lots" are only permitted by the Ordinance in an I-G (Industrial general) zone and are, therefore, prohibited in the more restricted CO-H zone.

The Board has confused the *use* of property with *compensation for use* of property. These are two entirely separate and distinct things. *Mooreland* v. *Young*, 197 Va. 771, 91 S.E.2d 438 (1956).

Under Article 8 of Chapter 11 of Title 15.1 of the Code the General Assembly has authorized local governing bodies by ordinance to control the use and development of lands within their respective jurisdictions. There is no legislation, however, which enables these governing bodies to control the compensation for use of land or the improvements thereon.

The purpose of the Ordinance to encourage off-street parking in a congested metropolitan area is a laudable one. The prohibition of § 30-3.10.6 of the Ordinance is directed to and only prohibits encroachment upon or diminution in the physical space required to

be set aside for parking and is not directed to diminution of use which might result because compensation is charged. The lease or rental of parking space to a limited clientele, not to the public generally, on a regular, not a casual or transitory basis, does not constitute the operation of a "commercial parking lot."

We agree with the trial court that the use of the property for motor vehicle parking is a permitted one under the Ordinance and that the Ordinance does not require that parking space be leased only with and as a part of the lease or rental of office space. In such a situation the landlord, who is entitled to compensation for the use of his property, is not prohibited from making a separate rental agreement with respect to and receiving compensation for the use of his property for parking.

The judgment will, therefore, be affirmed.

*Affirmed.*