## LAWRENCE TRANSFER & STORAGE CORP., ET AL.

### V.

## BOARD OF ZONING APPEALS OF AUGUSTA COUNTY

Record No. 821293

Decided June 14, 1985, at Richmond

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Gordon, Retired Justice

*Bradley B. Cavedo (M. E. Gibson, Jr.; Barrett E. Pope; Smith, Taggart, Gibson & Albro*, on brief), for appellants.
*James M. Johnson (Edward A. Plunkett, Jr., Law Offices*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this case of first impression, we decide which landowners are entitled to written notice of a proposed zoning change, including special exceptions[1] and variances. The decision turns upon our construction of Code § 15.1-431, which provides in pertinent part:

> When a proposed amendment of the zoning ordinance involves a change in the zoning classification of twenty-five or less parcels of land, then, in addition to [the newspaper publication required by Code § 15.1-431], written notice shall be given by the local [board] at least five days before the hearing to the owner or owners . . . of each parcel involved, and to the owners . . . of all abutting property and property immediately across the street or road from the property affected. . . .

Appellants, Lawrence Transfer & Storage Corp. and others[2] (the landowners), filed a petition for a writ of certiorari in the trial court, pursuant to Code § 15.1-497.[3] The landowners alleged

---

[1] In this case, a special use permit was granted by the Board of Zoning Appeals, and Code § 15.1-496 provides that "[n]o such special exceptions . . . shall be authorized except after *notice* and hearing as required by § 15.1-431." (Emphasis added.)

[2] Other appellants are: C. J. Wood, Carl K. Taylor, Marion W. Patterson, Mamie E. Hawse, Bertrand Hawse, P. Buckley Moss, John H. Major, and Margie F. Major.

[3] Code § 15.1-497 provides in pertinent part:

Any person . . . aggrieved by any decision of the board of zoning appeals . . . may present to the circuit court . . . a petition specifying the grounds on which aggrieved. . . .

that they were aggrieved by a decision of the Augusta County Board of Zoning Appeals because the Board failed to comply with the notice provisions of Code § 15.1-431 before conducting a hearing on an application for a special use permit.

T. O. Tench and Louise V. Tench (collectively, Tench) own a 205.802-acre tract (the 205-acre tract or parcel) in Augusta County. The landowners' properties abut the Tench tract. Tench contracted to sell Wells Construction Company, Inc. (Wells), 10 acres lying within the 205-acre parcel. Wells applied for a special use permit allowing it to construct and operate asphalt and concrete batching plants on the 10 acres. The proposed 10-acre parcel had not been subdivided of record and was not shown separately on any of the County's records; it remained part of the 205-acre parcel. The 10-acre tract was shown, however, on the site plan attached to Wells' application.

Tench owns all the land abutting the proposed batching site. None of the owners of land abutting the 205-acre tract received written notice of the hearing. The Board gave written notice only to Tench and to a non-resident who owned land across the road from an easement to the 10-acre parcel. The Board did give notice by newspaper publication as provided by Code § 15.1-431. Following a hearing, the Board approved Wells' application.

After allowing the writ of certiorari, the trial court ruled that the landowners were not entitled to written notice of the Board's hearing, and that only owners abutting the 10-acre parcel were entitled to such notice. Having concluded that the Board complied with the statute's notice requirements, the court affirmed the Board's decision. We granted an appeal from the court's ruling.

The landowners assert that the proposed 10-acre tract is not a separate parcel but is merely an unsubdivided portion of the Tench tract. They contend that the statute is concerned with actual, recorded property boundaries and not with "illusory boundaries which exist only in the [applicant's mind]."

The Board counters with the contention that the statute applies solely to the property which is undergoing a zoning change. Thus,

Upon the presentation of such petition, the court shall allow a writ of certiorari to review the decision of the board of zoning appeals. . . .

. . . .

. . . The court may reverse or affirm, wholly or partly, or may modify the decision. . . .

it asserts that the 10-acre parcel is the "property affected" within the intendment of Code § 15.1-431.

"Zoning laws should be given a fair and reasonable construction in the light of the manifest intent of the [legislature], the object sought to be attained, [and] the natural import of the words used in common and accepted usage. . . ." *Mooreland* v. *Young*, 197 Va. 771, 775, 91 S.E.2d 438, 441 (1956). *See also Citizens Association* v. *Schumann*, 201 Va. 36, 40, 109 S.E.2d 139, 141 (1959).

The statute's obvious intent is to afford property owners who are closest to the land involved an opportunity to be heard by the Board. Landowners abutting and across a road from the property involved are those most likely to be affected by the proposed change.

■ Code § 15.1-431 mandates written notice to three categories of landowners. First, the Board must notify "the owner . . . of [the] *parcel involved*" in the proposed zoning change. (Emphasis added.) The second category of owners who must be notified are "the owners . . . of all abutting property." Finally, notice must be given to owners of "property immediately across the street or road from the *property affected*." (Emphasis added.)

■ Applying this language to the present case, we think it apparent that the "parcel involved," is the parcel of "the owner," that the sole record owner is Tench, and that the only parcel Tench owns is the 205-acre tract. Thus, the "parcel involved" is the 205-acre tract. It naturally follows, therefore, that the additional words "and to the owners . . . of all abutting property," extend the protection of the notice statute to the owners of property abutting the 205-acre tract. Likewise, the words "property immediately across the street or road from the property affected," refer, in this case, to property across the street or road from the recorded 205-acre parcel.

■ If we adopted the Board's contention, the General Assembly's clear intent easily could be frustrated or circumvented. By simply creating a smaller parcel within a larger recorded parcel, written notice would be required only for the owner of the parcel involved. He, of course, being interested in the change, would already know of the proposal.

This is essentially what occurred in the present case. Only Tench, the owner, and one other party received written notice. Frustration of the statute's objective is graphically illustrated by the fact that Lawrence Transfer, one of the appellants, owned

property which not only abutted the Tench tract but which was a mere 30 feet from the batching site. Yet, Lawrence Transfer received no direct notice of the hearing. Clearly, the General Assembly did not contemplate this result.

■ The Board argues that requiring notice to all abutting landowners could reach an absurd result when, due to the size of the tract, some abutting property is distant from the area to be changed. While this may be the result in some cases, we believe that, on balance, an excess of notice is more in keeping with the General Assembly's intent than no notice.

■ We conclude, therefore, that when Code § 15.1-431 is construed in the light of the General Assembly's obvious intent and purpose, giving the words used their natural and logical import, the terms "parcel involved" and "property affected" each refer to the entire recorded parcel owned by Tench and not to a nonexistent tract lying somewhere therein. Accordingly, we will reverse the judgment of the trial court, vacate the decision of the Board of Zoning Appeals, and invalidate the special use permit without prejudice.

*Reversed and permit dismissed.*