## CIRCUIT COURT OF ARLINGTON COUNTY

Donna Henry

v.

Arlington County
Board of Supervisors

March 1, 1989

Case No. (Chancery) 88-411

By JUDGE PAUL F. SHERIDAN

Complainant filed a petition for certiorari May 16, 1988, asserting that it was "pursuant to Code of Virginia Section 15.1-497." The Petition sets forth her factual allegations. The Arlington County Board (County) filed a Demurrer June 13, 1988. The Defendant, Vanguard Services Unlimited (Vanguard), filed an Amended Demurrer October 6, 1988. Oral argument was heard, evidence received, and further briefing allowed. Complainant relies upon *Lawrence Transfer and Storage Corporation v. Board of Zoning Appeals of Augusta County*, 229 Va. 568 (1985). But *Lawrence Transfer* does not decide this case because *Lawrence Transfer* interpreted Code of Virginia, Section 15.1-497, which expressly applies to the remedy for a person "aggrieved by any decision of the board of zoning appeals . . . ." Complainant herein claims to be aggrieved by a decision of the County Board of Supervisors. Although Section 15.1-491(c) allows the County Board of Supervisors to reserve unto itself the right to issue special exceptions, that does not mean that the County Board of Supervisors is identical to a board of zoning appeals for purposes of seeking judicial review, pursuant to Section 15.1-497. Under the pertinent

statutes, a County Board's decision regarding a special use/special exception is significantly different for purposes of required notice and for purposes of how to seek judicial review, than the same decision made by a Board of Zoning Appeals.

Appeals from decisions of the Board of Zoning Appeals (BZA) are clearly to be done by writ of certiorari pursuant to Section 15.1-497. The proper remedy to appeal a special use decision by a county board (prior to July 1, 1988), was to seek declaratory judgment.

The distinction is not merely one of procedure or captioning of the same remedy. The distinction extends to the substantive remedy itself. Reading *Lawrence Transfer* and the pertinent statutes involved, it is clear that Section 15.1-496 is intended to, and does, govern only the powers and duties of a board of zoning appeals. Since the Court lacks power in this case to grant a writ of certiorari, the petition should be dismissed.

## *Notice*

· In *Lawrence Transfer*, the interrelated Code Sections 15.1-495, 15.1-496, 15.1-497 and 15.1-431, were interpreted as meaning that the General Assembly intended "on balance, an excess of notice" by a BZA considering special use/special exception matters. Section 15.1-495 repeatedly states that a BZA must at only after "notice" required by 15.1-431. Reading those Code Sections together to understand what 15.1-431 requires by way of notice in such cases, the closest Section 15.1-431 gets to a specific notice requirement is written notice in cases involving a proposed amendment of the zoning classification of 25 parcels or less. *Lawrence Transfer* decided what Section 15.1-431 notice requirements were intended by the General Assembly in BZA cases.

But *Lawrence Transfer* did not decide the "notice" required of a County Board granting or denying special exceptions/special uses by itself. Since this case involves the County Board, Sections 15.1-496 and 15.1-497 do not apply, and the interrelationship of those two sections to the "notice" requirements of Section 15.1-431 also does not apply. The language of Section 15.1-431 does not require that a County Board give written notice to

abutting property owners when considering special exception/special use issue instead of "a proposed amendment of the zoning ordinance." Deciding what notice is required by the County board starts with the fact that Section 15.1-491(c) authorizes a local zoning ordinance to include "reasonable regulations and provisions" as to "the granting of special exceptions under suitable regulations and safeguards."

The County Board of Supervisors has retained unto itself decisions regarding special uses. A "special exception" is a special use allowed "by a special use permit granted under the provisions of the chapter and any zoning ordinances adopted herewith," Section 15.1-430(i). Arlington County Zoning Ordinance Code Section Z36.I(1) regarding "Advertising" requires the Zoning Administration to cause notice of a use permit to be advertised as required in Code of Virginia, Section 15.1-431. Complainant would interpret Section 15.1-431 to require actual written notice to abutting property owners under the decision in *Lawrence Transfer*. But Section 15.1-431 expressly requires such written notice to abutting property owners only when "a proposed amendment of the zoning ordinance involves a change in the zoning classification of twenty-five or less parcels of land." There is no specific notice for special use cases in 15.1-431. The reasonable interpretation of 15.1-431 allows newspaper notice. The Arlington County Board of Supervisors has established "suitable regulations and safeguards" regarding notice to abutting/adjacent property owners pursuant to Section 15.1-491(c).

That leaves the question as to whether the County complied with its own Zoning Ordinance, Code Section Z36.I(1), insofar as it requires that the zoning administrator give notice of a use permit application in advertisements "as required in title 15.1, Section 431, of the Code of Virginia." That does not require the *Lawrence Transfer* interpretation that written notice be given to abutting property owners but requires Section 15.1-431 to be read expressly as a part of the County's "reasonable" notice requirement intended to "safeguard" affecting property owners. The County's reasonable interpretation that a less stringent notice method is permitted under its adoption and application of Section 15.1-431 is consistent with the terms of 15.1-431.

For these reasons, the Court concludes that Section 15.1-431 means, as a practical matter, that written notice requirements governing a BZA appeal are different from written notice requirements which govern when a county board has adopted and followed reasonable notice methods calculated to safeguard the rights of abutting property owners.

Having concluded that neither the Code of Virginia nor the Arlington County Zoning Ordinance gave Complainant the right to receive written notice for the matters alleged herein, and having concluded that the procedural method (writ of certiorari) is inapplicable, the Court sustains the Demurrers filed on behalf of each Defendant.