<u>**VIRGINIA:**</u>

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 21st day of July, 1995.

James D. Parker, as General
 Partner of Parker Industries,                                    Appellant,

  against          Record No. 942076
                   Circuit Court No. CL93-3854

A.C. Miller, et al.,                                              Appellees.

Upon an appeal from a judgment rendered by the Circuit Court of the City of Virginia Beach on the 22nd day of September, 1994.


Upon review of the record, briefs, and argument of counsel, the Court is of the opinion that there is error in the judgment of the trial court.

A.C. Miller applied for and received a variance from the Virginia Beach Board of Zoning Appeals for the construction of a convenience store on a lot with approximately 6,000 square feet less area than required by the city's zoning ordinance for this use.  Notice of the hearing to consider Miller's application for the variance was posted adjacent to Miller's property and was published in a newspaper of general circulation in Virginia Beach, pursuant to the city's zoning ordinance.  However, no written notice was given to James D. Parker, the owner of an abutting lot, as required by Code §§ 15.1-431 and -495.  <u>Lawrence Transfer & Storage Corp. v. Board of Zoning Appeals</u>, 229 Va. 568, 571, 331 S.E.2d 460, 462 (1985).  Therefore, the Board did not have the authority to

grant the variance sought by Miller.

Contrary to Miller's assertion, the trial court had jurisdiction to consider Parker's challenge to the Board's decision. Parker's petition for a writ of certiorari satisfied the requirements for circuit court review of the Board's decision because Parker was a party aggrieved by the decision of the Board and the petition specified the grounds on which he was aggrieved and was filed within 30 days of the date of the Board's decision. Code § 15.1-497; Board of Supervisors v. Board of Zoning Appeals, 225 Va. 235, 238, 302 S.E.2d 19, 20-21 (1983). See also Friends of Clark Mountain Found., Inc. v. Board of Supervisors, 242 Va. 16, 21, 406 S.E.2d 19, 21 (1991). The failure to specifically name the Board as a defendant within the 30-day period did not divest the trial court of jurisdiction because that time period is not a statute of limitations. Friends of Clark Mountain, 242 Va. at 20, 406 S.E.2d at 21.

Accordingly, the judgment of the trial court is reversed, the decision of the Board of Zoning Appeals is vacated, the variance is invalidated without prejudice, and the application is dismissed.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

- 2 -

David B. Beach, Clerk