# CIRCUIT COURT OF NELSON COUNTY

Wintergreen Property
Owners Association et al.

v.

Nelson County
Board of Supervisors et al.

Case No. CH05-0003

BY JUDGE J. MICHAEL GAMBLE

August 29, 2005

I am writing to rule on the motion of Elizabeth Hayes to intervene in this proceeding. The motion is denied.

The only required parties to a proceeding contesting the zoning decision of a governing body are the contestant and the local governing body. After the contesting action has been filed, any other necessary party must be brought into the proceeding prior to adjudication. *Friends of Clark Mtn. v. Board of Supervisors*, 242 Va. 16, 21, 406 S.E.2d 19 (1991).

Elizabeth Hayes is neither a required party nor a necessary party. Only Wintergreen Property Owners Association, A. G. Small, and the Nelson County Board of Supervisors are required parties. A necessary party is basically a person without whose presence no proper decree can be rendered. *Jett v. Degaetani*, 259 Va. 616, 619-20, 528 S.E.2d 116 (2000); *Asch v. Friends of the Community of Mount Vernon Yacht Club*, 251 Va. 89, 90, 465 S.E.2d 817 (1996). While Elizabeth Hayes is an adjacent landowner to the real estate that is the subject of this controversy, she is in neither actual enjoyment of the property involved in this case nor has an interest in it, either in possession or expectancy. Accordingly, a proper decree can be entered in the case without her being a part of the case.

Even though Elizabeth Hayes is neither a required party nor a necessary party, the court must still determine whether she should be allowed to intervene in the case as an interested party. The defendant argues that she should not be allowed to intervene because she has not filed an action within the statutory time mandated to contest a zoning decision. Va. Code § 15.2-2285(F) provides that an action contesting a zoning decision of a governing body must be filed within thirty days of the decision with the circuit court. The decision of the governing body in this case was made on December 14, 2004. The motion of Elizabeth Hayes to intervene was filed on or after August 19, 2005.

In *Riverview Farm Associates v. Board of Supervisors*, 259 Va. 419, 528 S.E.2d 99 (2000), the trial court did not allow a party to intervene contesting a zoning decision when the parties seeking intervention failed to contest the Board's decision within the thirty day period required by Va. Code § 15.2-2285(F). That is exactly the circumstance in this case. Elizabeth Hayes seeks intervention more than thirty days after the decision of the Nelson County Board of Supervisors. Elizabeth Hayes, by counsel, also argues that she did not receive notice of the zoning proceedings before the Nelson County Board of Supervisors. However, she cannot raise that issue at this time because Va. Code § 15.2-2204(D) requires that any action contesting a decision based on failure to advertise or give notice be filed within thirty days of the decision. Accordingly, because Elizabeth Hayes has not complied with the statutory requirement of contesting the decision of the Board of Supervisors of Nelson County within thirty days, she cannot intervene in this decision.

December 6, 2005

I am writing to furnish you with the decision of the court in this case. In this regard, I affirm the decision of the Nelson County Board of Supervisors on December 14, 2004, that approved the conditional rezoning request of High Country Associates, L.L.C. ("HCA"). The suit by the plaintiffs ("WPOA" and "Small") to reverse the decision of the Nelson County Board of Supervisors ("Supervisors") is denied.

*Notice Requirements under Va. Code § 15.2-2204(B)*

WPOA and Small maintain that the zoning action of the Board of Supervisors is *ultra vires* and void because there was not precise compliance with the notice requirements under Va. Code § 15.2-2204(B). This code section requires that written notice be given at least five days before a hearing "to the owner or owners, their agent or occupant, of all abutting property and property immediately across the street or road from the property affected. . . ." Notice was not sent to Oliver Ash, Jennifer Ash, David Hayes, Elizabeth Hayes, Wintergreen Property Owners Association, and C. Wood, PR. Only Wintergreen Property Owners Association appeared at the zoning hearing before the Supervisors.

WPOA and Small maintain that the requirements of Va. Code § 15.2-2204 are mandatory and a condition precedent to the exercise of zoning power by the Supervisors. They maintain that by virtue of the failure to notify all abutting property owners, the Supervisors did not have the authority to grant the conditional zoning request.

Va. Code § 15.2-2204(B) provides that a party's actual notice of or active participation in the proceedings waives the rights of that party to challenge the validity of the proceeding by virtue of the failure of the party to receive written notice. Both WPOA, by its representative, and Small attended the zoning hearing. Therefore, they have waived any objection for the failure to receive written notice.

The other parties, who were not sent written notice of the hearing also, did not attend the zoning hearing of the Board of Supervisors. However, these parties are not allowed to contest the decision of the Supervisors on the failure to give notice because they failed to appeal the decision of the Supervisors within thirty days. Va. Code § 15.2-2204(E) requires that any action to contest a decision of the locality "based on a failure to advertise or give notice as may be required . . . shall be filed within thirty days of such decision." The failure

of the abutting property owners to contest the decision within thirty days of the zoning action of the Supervisors prevents them from contesting the decision of the Supervisors based on the failure to give notice. Va. Code § 15.2-2204(E).

This leaves the question of whether WPOA and Small have legal standing to object to the failure to give notice to all of the abutting property owners. The Supreme Court of Virginia has declared invalid a zoning decision in cases where the abutting property owners have failed to receive notice. In each of these cases, however, the abutting property owner that was not given notice appealed the decision within thirty days as required in Va. Code § 15.2-2204(E). *Parker v. Miller*, 250 Va. 175, 459 S.E.2d 904 (1995); *Lawrence Transfer & Storage Corp. v. Board of Zoning Appeals of Augusta County*, 229 Va. 568, 331 S.E.2d 460 (1985). In both *Parker* and *Lawrence Transfer & Storage Corp.*, the contestant who was not given written notice filed the action within thirty days of the zoning decision as required by Va. Code § 15.2-2204. *Parker*, 250 Va. at 175; see also *Lawrence Transfer & Storage Corp.*, 229 Va. at 569-70. Thus, in these cases decided by the Supreme Court of Virginia, the actual party who was not sent written notice contested the zoning decision within the time provided by statute. The instant case is different because the party not given written notice is not a party to this case. Accordingly, the issue is whether WPOA and Small have standing to object to the failure to give notice to persons who are not parties to this case. In order to have standing, a party must show an immediate, pecuniary, and substantial interest in the litigation, must be aggrieved by the judgment appealed from, and must only seek the correction of errors injuriously affecting him. *Harbor Cruises, Inc. v. State Corp. Comm'n*, 219 Va. 675, 676, 250 S.E.2d 347 (1979). In the instant case, the failure to give notice to all the abutting landowners did not injuriously affect WPOA or Small. Both actually had actual notice of the meeting and attended the meeting. Thus, neither has standing because neither was injured by the failure to give notice to all abutting landowners. Accordingly, the failure to give notice to all abutting landowners does not render the zoning decision invalid.

*Notice under § 12-13 of Nelson County Zoning Ordinance*

WPOA and Small maintain that the zoning action is invalid because High County Associates failed to comply with § 12-13 of the Nelson County Zoning Ordinance. This ordinance requires that a zoning applicant erect at least fifteen days prior to a hearing a sign on the property indicating the proposed change, and the date, time, and place of the public hearing. It also

requires that the applicant file an affidavit that he has fully complied with this requirement.

In this case, HCA erected the sign twelve days preceding the hearing and filed an affidavit stating that the sign had been erected for that period of time. WPOA and Small maintain that the failure to comply with the requirements of Ordinance § 12-13 renders the zoning decision of the Supervisors invalid. Citing *Hurt v. Caldwell*, 222 Va. 91, 98, 279 S.E.2d 138 (1981), they maintain that decisions of local governing bodies that do not comply with local ordinances are a nullity.

Va. Code §§ 15.2-2204 and 15.2-2285(C) require that the locality give certain notice such as advertisement in the newspaper and mailings to abutting property owners. Va. Code § 15.2-2205 provides that a "locality may give, in addition to the specific notice required by law, notice by direct mail or other means of any planning or zoning matter if it deems appropriate." Va. Code § 15.2-2206 allows a locality to require that the person applying for the zoning change to be responsible for "all required notices."

Under the statutory framework, a locality may only require that the person applying for the zoning change be responsible for the "required" notices. Any additional notices must be given by the locality. A sign is not a required notice under Va. Code § 15.2-2204. It is an additional requirement proposed by the county. Because HCA is only required by statute to give "required" notices, the Nelson County Ordinance imposing additional requirements on the applicant is not in accord with state law. A locality may only adopt such ordinances as the legislature authorizes by statute or conferred by implication. *Gordon v. Board of Supervisors of Fairfax County*, 207 Va. 827, 832, 153 S.E.2d 270 (1966). Further, where an ordinance conflicts with state law, it is invalid. *City of Alexandria v. Potomac Greens*, 245 Va. 371, 378, 429 S.E.2d 225 (1993). Accordingly, the Nelson County Ordinance § 12-13 provisions requiring the applicant to erect the sign are void and of no effect.

Further, both WPOA and Small received actual notice of the proceedings and participated in the proceedings. As noted previously, under the provisions of § 15.2-2204(B), a party who has actual notice or participated in the proceeding cannot challenge the validity of the proceedings due to the failure to receive written notice. As noted by the Supervisors in their memorandum, this creates the anomalous result that actual notice cures a defect in written notice, but not in notice given by a sign. This is not the intent of the statute. Further, a sign is written notice in the same manner as a letter.

44

Accordingly, under the provisions of Va. Code § 15.2-2204(B), objection to receiving this sign for a full fifteen days is eliminated.

*Stamp under § 16-4-4*

WPOA and Small maintain that HCA failed to comply with Zoning Ordinance § 16-4-4 because the proper stamp was not placed on the written materials submitted by HCA in the zoning proceedings. Zoning Ordinance § 16-4-4 requires that all materials offered in support of the zoning application contain the following language: "I (We) hereby proffer that the development of the subject property of this application shall be in strict accordance with the conditions set forth in the submission."

This argument fails to render the proceedings void because Fred Boger, the Planning Director of Nelson County, testified that he believed it is correct that the proffered material bore the stamp required by the county ordinance. Tr. p. 32-33. Accordingly, the greater weight of the evidence establishes that all of the appropriate material bore the stamp required by Nelson County Zoning Ordinance § 16-4-4.