PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge O'Brien and Senior Judge Humphreys
Argued at Richmond, Virginia

MICHAEL H. DREWRY

                                                                    OPINION BY
v.        Record No. 2249-23-2                    JUDGE ROBERT J. HUMPHREYS
                                                                    APRIL 22, 2025
BOARD OF SUPERVISORS OF
  SURRY COUNTY, VIRGINIA, ET AL.


FROM THE CIRCUIT COURT OF SURRY COUNTY
James C. Hawks, Judge Designate

Michael H. Drewry, *pro se*.

Lola Rodriguez Perkins, Surry County Attorney; Dabney J. Carr, IV
(Robert P. Beaman; Troutman Pepper Hamilton Sanders LLP, on
brief), for appellees.


After the Surry County Board of Supervisors granted a conditional use permit to Align

RNG Virginia, LLC, and Align RNG Virginia-Waverly, LLC (collectively, "Align"), Michael H.

Drewry sought a declaratory judgment that the Board's action was procedurally invalid. Align

and the Board demurred; the circuit court sustained the demurrers after finding that Drewry lacked

standing and otherwise failed to state a claim. On appeal, Drewry argues that the circuit court erred

by finding that he: (1) did not show a particularized harm different from the public generally; (2)

could not challenge the notice procedures of public hearings that he had attended; and (3) did not

plead facts establishing that the Board had failed to follow the proper procedures.

BACKGROUND[1]

In August 2021, Align applied for a conditional use permit to operate a methane gas conditioning facility (the "Project") on property in Surry County that was zoned agricultural/residential.[2] Drewry owned property in Surry and Sussex Counties that he had developed into an agritourism business starting in 1983. That property was near—but not adjacent to—the Project property.

The Surry County Planning Commission scheduled a public hearing on the Project for September 27, 2021. The Commission advertised the hearing in the newspaper on September 15 and 22, informing interested persons that they could access related materials on the County's website. The Commission also mailed notice of the hearing to those people who owned land in Surry County adjacent to the Project. But the Commission did not mail notices to those who owned land in Sussex County adjacent to the Project.

Drewry attended the September 27 public hearing and expressed his concern "that the public was not aware of the project and a letter of communication was never given to the public." According to the meeting minutes, the Commission tabled the issue "for another public hearing in 60 days."

---

[1] When reviewing the sustaining of a demurrer, we treat any factual allegations made in the complaint with "sufficient definiteness" as "presumptively true." *Morgan v. Bd. of Supervisors of Hanover Cnty.*, 302 Va. 46, 52 (2023) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)). We may also consider exhibits attached to the complaint and incorporated by reference. *Dye v. CNX Gas Co., LLC*, 291 Va. 319, 321 (2016). Drewry incorporated and attached various exhibits regarding the land use proceedings to his amended complaint.

[2] Drewry initially named Airon and Joshua Grim—who owned the land on which the Project would be operated—as defendants in his declaratory judgment action. The trial court found that the Grims were not necessary parties and dismissed them from the lawsuit. Drewry does not challenge that ruling on appeal.

The Commission met again on November 22, 2021; Drewry did not attend that meeting. The Commission did not advertise or hold another public hearing but did receive an update on the Project under "old business." The Commission voted to forward the matter to the Board with the recommendation that the Project be approved.

The Board scheduled a public hearing for January 6, 2022. The Board advertised the hearing in the newspaper on December 22 and 29, 2021, again informing interested persons that they could access related materials on the County's website. The Board did not mail notice of the hearing to adjacent landowners. Drewry was a member of the Board and was present at the January hearing, at which the Board voted to table the matter.

The Board scheduled a second public hearing on June 2, 2022. The Board advertised that hearing in the newspaper on May 18 and 25, 2022, this time informing interested persons that they could access related materials on the County's website or in person at the Department of Planning and Community Development. The Board mailed a notice to adjacent landowners, including some who had not received notice of the Commission's September 2021 hearing. Yet Drewry alleged that the Board failed to mail notice to all adjacent landowners. Drewry was present at the June 2022 hearing as a Board member and voted against the Project. The Board approved the Project over Drewry's "no" vote.

Drewry filed a complaint in the circuit court seeking a declaratory judgment that the Board's action was void ab initio because the Board failed to comply with required statutory procedures. First, Drewry alleged that the Commission and the Board failed to follow Code § 15.2-2204, which governs the notice procedures for public hearings. Specifically, he contended that the public advertisements for the September 2021 and January 2022 hearings were insufficient under Code § 15.2-2204(A) because they did not reference a physical place where interested persons could access relevant materials. And he asserted that the Commission and the Board violated Code

§ 15.2-2204(B) by not mailing notice to all adjacent landowners by registered or certified mail for any of the public hearings. Second, Drewry alleged that the Board's approval was invalid because the Commission failed to determine whether the Project was "substantially in accord" with the County's comprehensive plan, as required by Code § 15.2-2232.

Align and the Board demurred, making several arguments, including that Drewry lacked standing to challenge the Board's decision under *Friends of the Rappahannock v. Caroline County Board of Supervisors*, 286 Va. 38, 48 (2013).[3] The circuit court sustained the demurrers after a hearing. The court found that Drewry could not challenge the notice procedures under Code § 15.2-2204 because "he attended and participated in the various meetings preceding the vote and the meeting where the final vote was taken" and could not raise a notice claim on behalf of other residents. The court also found that Drewry failed to allege facts sufficient to establish a violation of Code § 15.2-2232. Finally, the court found that Drewry failed to show his property was "so close in proximity" to the Project that he would suffer "particularized harm different from that of the public generally," to establish standing.

The court granted Drewry leave to amend his complaint, which he did, primarily adding allegations about the harm the Project posed to his property. The Board and Align again demurred, raising substantially the same arguments they raised previously. After another hearing, the circuit court sustained the demurrers and dismissed the action with prejudice. Drewry now appeals.

---

[3] To establish standing, "[f]irst, the complainant must own or occupy 'real property within or in close proximity to the property that is the subject of' the land use determination, thus establishing that it has 'a direct, immediate, pecuniary, and substantial interest in the decision.'" *Friends of the Rappahannock*, 286 Va. at 48 (quoting *Virginia Beach Beautification Comm'n v. Bd. of Zoning Appeals*, 231 Va. 415, 420 (1986)). "Second, the complainant must allege facts demonstrating a particularized harm to 'some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.'" *Id.* (quoting *Va. Marine Res. Comm'n v. Clark*, 281 Va. 679, 687 (2011)).

ANALYSIS

We review de novo the circuit court's judgment sustaining a demurrer. *Theologis v. Weiler*, 76 Va. App. 596, 603 (2023). "The purpose of a demurrer is to determine whether the pleading and any proper attachments state a cause of action upon which relief can be given." *Young-Allen v. Bank of Am.*, 298 Va. 462, 467 (2020) (quoting *Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 286 (2012)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Seymour v. Roanoke Cnty. Bd. of Supervisors*, 301 Va. 156, 164 (2022) (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)). "In deciding whether to sustain a demurrer, the sole question . . . is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant." *Pendleton v. Newsome*, 290 Va. 162, 171 (2015).

"When reviewing a decision sustaining a demurrer, 'we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the claimant.'" *Young-Allen*, 298 Va. at 467 (quoting *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018)). "But we are not bound by the [complaint's] conclusions of law that are couched as facts." *Theologis*, 76 Va. App. at 600. Nor are we bound by "conclusory allegations" that are not supported by instances of "specific conduct." *Ogunde v. Prison Health Servs.*, 274 Va. 55, 66 (2007) (quoting *Jordan v. Shands*, 255 Va. 492, 499 (1998)).

The 'primary objective of statutory construction is to ascertain and give effect to legislative intent.'" *Grethen v. Robinson*, 294 Va. 392, 397 (2017) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)). We determine that intent "from the plain meaning of the language used." *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (quoting *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018)). "A statute is not to be construed by singling out a particular phrase." *Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 195 (2012) (quoting *Va. Elec. & Power Co. v. Bd. of Cnty. Supervisors*, 226 Va. 382, 388

(1983)).  Rather, we evaluate the statutory language in the context "of the entire statute" because "it is our duty to interpret the several parts of a statute as a consistent and harmonious whole." *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012) (quoting *Eberhardt*, 283 Va. at 194-95).  We "will not consider any portion [of a statute] meaningless unless absolutely necessary." *May v. R.A. Yancey Lumber Corp.*, 297 Va. 1, 14 (2019) (quoting *Logan v. City Council*, 275 Va. 483, 493 (2008)).

## I.  Code § 15.2-2204[4]

Code § 15.2-2204 establishes advertising and written notice requirements that must be followed before the local planning commission can recommend, or the governing body can adopt, "any plan, ordinance or amendment."  "The statute's obvious intent is to afford property owners who are closest to the land involved an opportunity to be heard." *Lawrence Transfer & Storage Corp. v. Bd. of Zoning Appeals*, 229 Va. 568, 571 (1985) (applying Code § 15.2-2204's predecessor statute).  An "action contesting a decision of a locality based on a failure to advertise or give notice as may be required" must be filed within 30 days of the contested decision.  Code § 15.2-2204(E).  However,

> [a] party's actual notice of, or active participation in, the proceedings for which the written notice provided by this section is required shall waive the right of that party to challenge the validity of the proceeding due to failure of the party to receive the written notice required by this section.

---

[4] We need not resolve whether Drewry had standing under *Friends of the Rappahannock*, because even assuming that he does, his statutory challenges are unavailing.  *See Grady v. Blackwell*, 81 Va. App. 58, 68 n.7 (2024) (assuming standing and resolving the case on statutory grounds).

Code § 15.2-2204(B).[5]  Thus, where a would-be plaintiff's "counsel, employees, and representatives were present" at a challenged meeting "and actively participated" in the proceedings, the plaintiff waived the notice challenge.  *Norfolk 102, LLC v. City of Norfolk*, 285 Va. 340, 356-57 (2013).

Drewry attended the September 2021 hearing and participated by complaining about the lack of notice to other landowners.  And he participated in the Board's January and June 2022 hearings as a Board member, including by voting against the Project at the June 2022 hearing.  "[I]ndividuals whose property interests are at stake are entitled to notice and an opportunity to be heard."  *Norfolk 102*, 285 Va. at 357 (quoting *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)).  But a party's "actual notice of and active participation in" the challenged proceeding satisfies those requirements and waives any challenges to alleged deficiencies in the received notice.  *Id.*  The record establishes that Drewry had both actual notice and an opportunity to be heard.  Accordingly, to the extent Drewry challenges the proceedings on the ground that he received deficient notice, he has waived that claim.  Code § 15.2-2204(B).

Recognizing the waiver problem, Drewry alternatively frames his argument as "a procedural Dillon [R]ule notice challenge."  Under the Dillon Rule, local governments "have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable."  *Marble Techs., Inc. v. City of Hampton*, 279 Va. 409, 417 (2010) (quoting *Bd. of Zoning Appeals v. Bd. of Supervisors*, 276 Va. 550, 554 (2010)).  "Any act of a [locality] that is beyond such powers is invalid."  *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 578 (2019).  Thus, Drewry argues that failing to comply with Code § 15.2-2204's advertising requirements renders subsequent action void ab initio under the Dillon Rule if challenged by landowners who did not receive notice.  *Rebh v. Cnty. Bd. of*

---

[5] The General Assembly has amended Code § 15.2-2204 several times since the events of this case but has not amended the waiver provision.  2022 Va. Acts ch. 478; 2023 Va. Acts chs. 506-07; 2024 Va. Acts chs. 225, 242.

*Arlington Cnty.*, 80 Va. App. 754, 762-63 (2024), *appeal dismissed*, Record No. 240493 (Nov. 27, 2024). But Drewry's reliance on the Dillon Rule is misplaced because any theoretical right of action could lie only for a violation of *his* right to notice.

Drewry filed this action under the declaratory judgment statutes. A circuit court may issue a declaratory judgment only in cases of "actual controversy." *Martin v. Garner*, 286 Va. 76, 82 (2013); Code §§ 8.01-184 through -191. The "declaratory judgment statutes do not create or alter any substantive rights, or bring any other additional rights into being." *Miller v. Highland Cnty.*, 274 Va. 355, 370 (2007). In other words, they do not "give parties greater rights than those which they previously possessed" but only "permit the declaration of those rights before they mature." *Id.* (quoting *Cupp v. Bd. of Supervisors*, 227 Va. 580, 592 (1984)). And they convey only "the power to make binding adjudications of the rights *of the parties involved*." *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors*, 285 Va. 87, 97 (2013) (emphasis added) (quoting *City of Fairfax v. Shanklin*, 205 Va. 227, 229 (1964)). Thus, "the declaratory judgment statutes may not be used to attempt a third-party challenge to a governmental action when such a challenge is not otherwise authorized by statute." *Id.* at 100 (quoting *Miller*, 274 Va. at 371-72).

Courts do not "infer a 'private right of action' based solely on a bare allegation of a statutory violation." *Cherrie v. Va. Health Servs.*, 292 Va. 309, 315-16 (2016). In cases such as this, "[t]he statute's obvious intent" is to ensure that adjacent landowners have an opportunity to be heard. *Lawrence Transfer & Storage Corp.*, 229 Va. at 571. Irrespective of whether he qualified as an "adjacent landowner," Drewry had that opportunity and exercised it, and nothing in Code § 15.2-2204 allows him to assert the statutory notice rights of others. Drewry cannot evade that conclusion by a bare reference to the Dillon Rule. In *Logan v. City Council*, 275 Va. 483 (2008), for example, the Supreme Court held that a landowner could not rely on the Dillon Rule in seeking

a declaratory judgment that a local governing body had exceeded its authority under Code § 15.2-2255 because the statute did not create a third-party right of action.[6]  *Id.* at 488, 492, 498-500; *see also Shilling v. Jimenez,* 268 Va. 202, 208 (2004) ("Nowhere in these enabling acts has the General Assembly . . . conferred upon a third party, a stranger to the subdivision approval process, a right to bring a suit to enforce the local ordinance.").  Similarly, Code § 15.2-2204 does not create a private right of action independent of a violation of the claimant's own notice rights.

Drewry also failed to state a claim related to the Commission's November 2021 meeting. The Commission did not advertise a public hearing for that month because it did not hold a public hearing.  Nor was the Commission required to hold another public hearing, because it had already done so in September 2021.  Thus, the circuit court correctly concluded that Drewry failed to state a claim under Code § 15.2-2204.

## II.  Code § 15.2-2232

In Virginia, "every governing body shall adopt a comprehensive plan for the territory under its jurisdiction" that has been prepared and recommended by the local planning commission.  Code § 15.2-2223(A).  The plan "shall control the general or approximate location, character and extent of each feature shown on the plan."  Code § 15.2-2232(A).  Once the governing body adopts a comprehensive plan, certain enumerated features not shown on the plan, including a "public utility facility," may not "be constructed, established or authorized, unless and until" the feature has been submitted to and approved by the local planning commission "as being substantially in accord with the" plan.  *Id.*  The commission may hold a public hearing to consider approval but need not do so unless directed by the governing body.  *Id.*  "The commission shall communicate its findings to the governing body, indicating its approval or disapproval with written reasons."  Code § 15.2-2232(B).

---

[6] Code § 15.2-2255 vests "[t]he administration and enforcement of subdivision regulations" in the local governing body where the subdivision is or will be located.

But "[f]ailure of the commission to act within 60 days of a submission, unless the time is extended by the governing body, shall be deemed approval." *Id.* "The owner or owners or their agents may appeal" the commission's decision to the governing body. *Id.*

Drewry argues that the Project constitutes a "public utility facility" that was never approved by the commission "as being substantially in accord with the" comprehensive plan. Thus, Drewry concludes that the Board acted unlawfully in approving the Project. We need not reach that issue, however, because Drewry has no right of action to enforce Code § 15.2-2232's provisions.[7]

"Under the plain language of [Code § 15.2-2232], only the owner of the property at issue, or the owner's agent, may appeal to the governing body from a 'substantial accord' determination of the planning commission." *Miller*, 274 Va. at 371. "[T]he statute does not provide third parties with a right of appeal from such a determination." *Id.* And it "does not create a private third-party right of action to challenge a planning commission's finding that a proposed use is in 'substantial accord' with a comprehensive plan." *Id.* at 369.

In *Miller*, the Supreme Court held that neighboring landowners could not challenge a local planning commission's approval of a conditional use permit under Code § 15.2-2232. *Id.* at 369-72. Drewry attempts to distinguish *Miller* on the ground that he does not challenge the basis of the Commission's substantial-accord determination but asserts that the Commission never made such a determination at all. That is a distinction without a difference. It does not cure the fact that Drewry cannot point to any language in Code § 15.2-2232 giving him the right to enforce the statute in a

---

[7] Although the circuit court did not address this issue, the Board and Align raised it in their demurrers. We may affirm a circuit court's decision sustaining a demurrer based on any ground raised in the demurrer, even if not expressly addressed by the circuit court. *See* Code § 8.01-273; *Cherrie*, 292 Va. at 319. "Under the right-result-different-reason principle, an appellate court 'do[es] not hesitate, in a proper case, where the correct conclusion has been reached but [a different] reason [is] given, to sustain the result [on an alternative] ground.'" *Ibanez v. Albemarle Cnty. Sch. Bd.*, 80 Va. App. 169, 188 (2024) (alterations in original) (quoting *Vandyke v. Commonwealth*, 71 Va. App. 723, 731 (2020)).

declaratory judgment action.  Thus, he is in the same posture as the plaintiffs in *Miller* and meets the same fate.  The circuit court correctly sustained the demurrers on Drewry's Code § 15.2-2232 claim.

CONCLUSION

For all these reasons, the circuit court's judgment is affirmed.

*Affirmed.*