PRESENT: Hassell, C.J., Keenan, Koontz, Lemons, and Agee, JJ., and Carrico and Lacy*, S.JJ.

LUCILE SWIFT MILLER, ET AL.

v.  Record No. 062111

OPINION BY
JUSTICE BARBARA MILANO KEENAN
September 14, 2007

HIGHLAND COUNTY, ET AL.


TOM BRODY, ET AL.

v.  Record No. 062489

HIGHLAND COUNTY, ET AL.


FROM THE CIRCUIT COURT OF HIGHLAND COUNTY
Paul F. Sheridan, Judge Designate

In these appeals, two issues assigned as cross-error determine the outcome of the cases. Those issues are 1) whether a county board of supervisors is a required party defendant in a legal action contesting the board's decision to grant a conditional use permit; and 2) whether neighboring landowners may file a declaratory judgment action contesting a county planning commission's decision that a certain conditional use is in "substantial accord" with that county's comprehensive plan.

---

* Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

1

## I.  FACTUAL BACKGROUND

In July 2004, Highland New Wind Development, LLC (New Wind) filed an application seeking a conditional use permit (CUP application) to build an electric generation substation in the County on property that is located in an agricultural zoning district, zone "A-2," as provided in the Highland County Zoning Ordinance (zoning ordinance).  In addition to the substation, New Wind sought approval to construct 20 wind turbines about 400 feet in height, a height that exceeds the maximum height permitted by the zoning ordinance.

The zoning ordinance designates zone "A-2" as a district in which construction of an electric generation substation is permitted only after "the [g]overning body finds, as a fact, that the proposed use is compatible with surrounding uses, is consistent with the intent of this [o]rdinance and of the *Land Use Element of the Comprehensive Plan*, is in the public interest, and will comply with all other provisions of law and ordinances of Highland County or the Town of Monterey."  The Board of Supervisors (the Board) approved an amendment to the zoning ordinance (the height amendment), which authorized the Board to issue conditional use permits allowing structures that exceed the maximum heights provided in the zoning ordinance.

2

After conducting a public hearing on the CUP application, the Board adopted a resolution in July 2005, granting New Wind a conditional use permit (the CUP) for construction of the wind turbine project.  In its resolution, the Board made several "findings," including that the CUP was compatible with surrounding uses, was consistent with the intent of the zoning ordinance and the land use element of the comprehensive plan, and would be in compliance with all other statutes and ordinances.  Additionally, the Board's resolution stated, "[t]he authority granted by this [p]ermit shall be conditioned on the receipt of all required state and federal approvals and review pursuant to [] Code § 15.2-2232."

In February 2006, New Wind filed an application asking that the planning commission review the CUP under the provisions of Code § 15.2-2232.  After conducting a public hearing on New Wind's application, the planning commission determined that the CUP was in "substantial accord" with the comprehensive plan as required by Code § 15.2-2232.

II.  MILLER'S PROCEEDINGS IN CIRCUIT COURT

Lucile Swift Miller and several other owners of property adjoining the proposed wind turbine site (collectively, Miller) filed a bill of complaint for declaratory judgment in the circuit court, alleging that the

3

Board acted in an arbitrary and capricious manner, and without authority, in approving the height amendment. Miller named "Highland County, Virginia" as the sole defendant in the bill of complaint.

Pendleton Stokes Goodall, III, and several other landowners adjoining the proposed wind turbine site (collectively, Goodall), filed a separate bill of complaint for declaratory judgment against "Highland County, Virginia," New Wind, and the owners of the wind turbine project site, Tamarack of Highland, LLC, and Red Oak Ranch, LLC (Tamarack and Red Oak). Goodall alleged that the CUP was invalid because the planning commission had not made a determination whether the CUP was in "substantial accord" with the comprehensive plan before the Board issued the CUP and that, therefore, the CUP did not satisfy the requirements of Code § 15.2-2232. Goodall also alleged, among other things, that the CUP was inconsistent with the comprehensive plan and was an arbitrary and capricious exercise of the Board's power. The circuit court consolidated Miller's and Goodall's cases for trial.

New Wind, Red Oak, and Tamarack (collectively, New Wind) filed a demurrer and a plea in bar, asserting that the actions filed by Miller and Goodall (collectively, Miller) were barred because Miller failed to name the Board as a

4

party to the actions. The circuit court overruled the demurrer and plea in bar.

All parties filed motions for summary judgment. After conducting a hearing, the circuit court granted partial summary judgment in favor of Highland County and New Wind, holding that the height amendment was valid and that the CUP was properly issued even though the planning commission did not make its "substantial accord" determination under Code § 15.2-2232 before the Board issued the CUP. The circuit court denied summary judgment and ordered a bench trial on the separate issues whether the Board made factual findings that complied with the requirements of the ordinance before the Board issued the CUP and whether the Board's actions were arbitrary and capricious.

After a trial in which several witnesses testified concerning the subjects the Board considered when it granted the CUP, the circuit court upheld the Board's decision. The circuit court concluded that the Board made factual findings as required by the ordinance, that the evidence was conflicting whether the Board's decision to issue the CUP was "reasonable," and that, as a result, the Board's decision issuing the CUP was "fairly debatable." The circuit court entered final judgment in favor of New Wind and the County. Miller appeals.

III.  MILLER'S APPEAL

In Miller's appeal, New Wind and Highland County (collectively, New Wind) argue as a matter of cross-error that the circuit court erred in denying New Wind's plea in bar.  According to New Wind, Miller's action is barred because she failed to name the Board as a party to the action within 30 days after the Board's decision as required by Code § 15.2-2285(F).  New Wind asserts that we held in Friends of Clark Mountain Found., Inc. v. Board of Supervisors, 242 Va. 16, 406 S.E.2d 19 (1991), that a local governing body is a required party to an action contesting a decision by that governing body.  New Wind further contends that "Highland County, Virginia" is not the legal equivalent of the "Board of Supervisors of Highland County," because "Highland County" is a "locality," while the Board is a "governing body."

In response, Miller argues that "Highland County, Virginia" is a "locality" as defined by Code § 15.2-102, and that Code § 15.2-1404 subjects a "locality" to being sued in its own name regarding all matters connected with its duties.  Miller further asserts that Code § 15.2-2285(F) does not mandate that a local governing body be named in an action challenging one of its decisions, but only requires that such an action be filed within 30 days of the local

6

governing body's decision.  Relying on our decision in Board of Supervisors v. Board of Zoning Appeals, 268 Va. 441, 604 S.E.2d 7 (2004), Miller contends that a person aggrieved by a local governing body's decision may, pursuant to Code § 15.2-1404, contest that decision by naming the "locality" as the defendant.  Finally, Miller also argues that if the Board is a necessary party, this Court may join the Board as a party to the action or, if the Board is a required party, the name of Highland County is a misnomer and may be amended to name the Board.  We disagree with Miller's arguments.

We resolve these issues by considering the provisions of several statutes, in addition to some of our prior decisions.  In interpreting the various statutory provisions, we are presented with pure questions of law that we consider de novo on appeal.  Budd v. Punyanitya, 273 Va. 583, 591, 643 S.E.2d 180, 184 (2007); Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006); Horner v. Dep't of Mental Health, 268 Va. 187, 192, 597 S.E.2d 202, 204 (2004); Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003).

Our central focus is to ascertain and give effect to the intention of the General Assembly.  Boynton, 271 Va. at 227, 623 S.E.2d at 925; Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003); Halifax Corp. v.

7

First Union National Bank, 262 Va. 91, 99, 546 S.E.2d 696, 702 (2001). We determine that legislative intent from the words used in the statute. Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005); Horner, 268 Va. at 192, 597 S.E.2d at 204; Woods v. Mendez, 265 Va. 68, 74, 574 S.E.2d 263, 266 (2003). We must assume that the General Assembly chose, with deliberation and care, the words it employed in the statute. Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005); Simon v. Forer, 265 Va. 483, 490, 578 S.E.2d 792, 796 (2003); Halifax Corp., 262 Va. at 100, 546 S.E.2d at 702. Additionally, when construing statutes that impact the same subject, we harmonize their provisions whenever possible. Peerless Ins. Co. v. County of Fairfax, 274 Va. 236, 244, 645 S.E.2d 478, 483 (2007); Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 439-40, 621 S.E.2d 78, 87 (2005); Capelle v. Orange County, 269 Va. 60, 65, 607 S.E.2d 103, 105 (2005).

We conclude that, as employed in the statutes relevant to this case, the terms "locality" and "board of supervisors" are not synonymous or interchangeable. Title 15.2 of the Code, which addresses the matters raised in these appeals, provides distinct definitions of the two terms. A "locality," within the meaning of Title 15.2, "shall be construed to mean a county, city, or town as the

context may require." Code § 15.2-102. In contrast, the term "[b]oard of supervisors" refers to the "governing body of a county." Id.

Title 15.2 contains several additional statutes that illustrate the General Assembly's intent to recognize governing bodies as entities distinct from their respective localities. These statutes clarify that although localities are given certain powers by statute, those powers may only be exercised through the authority of the governing bodies. For example, Code § 15.2-1401 provides that, generally, "all powers granted to localities shall be vested in their respective governing bodies." Id. More specific to the subject of Miller's appeal, Code § 15.2-1425 gives the "governing body" of each locality the authority to "adopt, as appropriate, ordinances, resolutions and motions." Thus, while providing that "[a]ny locality may, by ordinance, classify the territory under its jurisdiction" for purposes of land use, Code § 15.2-2280, the General Assembly has vested the actual power to make such decisions in each locality's governing body. See Code §§ 15.2-1401 and -1425.

Because we must assume that the General Assembly acted with great deliberation and care in choosing the words establishing this statutory scheme, we conclude that the governing body of a locality is a distinct legal entity

9

authorized in Title 15.2 to exercise the statutory powers of that locality. Thus, we are faced with the question whether this distinct legal entity must be joined as a party defendant in a legal action contesting its legislative exercise of a zoning power.

In answering this question, we consider the language of Code § 15.2-2285(F), under which the present action was filed contesting the Board's decision granting the CUP. This statutory provision states:

> Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of the decision with the circuit court having jurisdiction of the land affected by the decision. However, nothing in this subsection shall be construed to create any new right to contest the action of a local governing body.

In drafting Code § 15.2-2285(F), the General Assembly employed plain language in providing a right of appeal from various zoning decisions of a local "governing body." The statute fixes a 30-day period from the date of the decision by the local "governing body" for filing an action in the circuit court contesting such decision. The complete absence of any language in Code § 15.2-2285(F) referring to a "locality" indicates a legislative intent that only the "governing body," the entity that rendered the contested

10

decision, be a required party defendant in an action challenging that decision.

Our decision in Friends of Clark Mountain directly supports this construction of Code § 15.2-2285(F). There, we were presented with a question under former Code § 15.1-493(G), the predecessor statute of Code § 15.2-2285(F), regarding which parties were required to be named as defendants within the statutory period of 30 days. We rejected the argument of a board of supervisors that all parties having an interest in the property at issue had to be named as party defendants within the 30-day period. We stated that:

> [W]hen the action contesting the governing body's decision is filed, the only required parties to a proceeding under [the statute] are the contestant and the local governing body. After the contesting action has been instituted and is pending, however, and the absence of a necessary party is noted of record, the trial court should not adjudicate the controversy until that party has intervened or has been brought into the proceeding.

242 Va. at 21, 406 S.E.2d at 22; accord Riverview Farm Assocs. v. Board of Supervisors, 259 Va. 419, 426, 528 S.E.2d 99, 102-03 (2000). Thus, in Friends of Clark Mountain, we concluded that a local governing body is a required party defendant to an action brought under Code § 15.2-2285(F) contesting certain types of zoning decisions,

11

including the type at issue here, made by the governing body.  242 Va. at 21, 406 S.E.2d at 22.

Miller's position advocating a contrary result in this appeal is unavailing.  Code § 15.2-1404, on which Miller relies, details the manner in which an action may be brought against a "locality."  This statute provides, in relevant part: "Every locality may sue or be sued in its own name in relation to all matters connected with its duties."  Code § 15.2-1404.  This general provision, however, does not address the issue whether a board of supervisors is a required party defendant in a legal action contesting that board's exercise of its legislative power, but merely states that a locality may be a plaintiff or be named as a defendant in a legal action involving the locality's duties.

Notably, Code § 15.2-1404 also provides that in actions brought against a locality, process instituting such actions "shall be served as provided in [Code] § 8.01-300."  Id. Those provisions of Code § 8.01-300 specify that when an action is filed against a county, service of process generally is made on its county attorney.  Code § 8.01-300(2).  However, when an action is filed against a county board of supervisors, process may be served on "any member of the governing body of such entity."  Code § 8.01-300(3). In specifying these different methods of service of process,

12

the General Assembly further manifested its intent that a "locality" and its "governing body" are not interchangeable terms but have separate legal identities that must be observed in initiating an action against either as a party defendant in a legal action.

Next, we disagree with Miller's contention that our decision in Board of Supervisors v. Board of Zoning Appeals, 268 Va. at 446, 604 S.E.2d at 9, identified Code § 15.2-1404 as the only source of authority for bringing suit against a locality or a local governing body. In that decision, we simply stated that the statute enables a local governing body to institute an action to ensure compliance with that body's legislative enactments. 268 Va. at 446, 604 S.E.2d at 9. Moreover, we observe that our holding in that case is consistent with the statutes in Title 15.2 vesting the powers of a locality in its local governing body. See Code §§ 15.2-1401 and -1425.

Based on our consideration of the several statutes discussed above and on our decision in Friends of Clark Mountain, we conclude that in an action under Code § 15.2-2285(F) contesting a decision of a local "governing body," that body is a required party defendant against whom suit must be initiated within the time limit specified in the

13

statute.  Thus, we hold that the Board was a required party defendant to Miller's action.

We find no merit in Miller's additional arguments that she should be permitted to add the Board as a party to the present appeal or to "correct" as a misnomer the naming of "Highland County, Virginia" and name the Board in Highland County's stead.  Even if we assume, without deciding, that such remedies could in some cases be employed on appeal, they are inappropriate here.  Because the Board was a required party to Miller's action under Code § 15.2-2285(F), the Board could not be added as a party after the 30-day period from the date of the Board's decision had run.  See Braddock, L.C. v. Board of Supervisors, 268 Va. 420, 426, 601 S.E.2d 552, 555 (2004) (action filed by person without standing is nullity and could not be resurrected by addition of parties after 30-day period set by Code § 15.2-2285(F) had expired); see also Harmon v. Sadjadi, 273 Va. 184, 198, 639 S.E.2d 294, 301-02 (2007) (action filed by person without standing was nullity and did not toll applicable statute of limitations).

Likewise, Miller cannot employ the statutory remedy provided by Code § 8.01-6 for correcting a misnomer.  A misnomer occurs when the right person or entity is incorrectly named.  Cook v. Radford Cmty. Hosp., Inc., 260

14

Va. 443, 451, 536 S.E.2d 906, 910 (2000); Swann v. Marks, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996).  Here, as we have explained, Miller did not incorrectly name the right entity, but named a different entity.  Therefore, we hold that the circuit court erred in denying New Wind's plea in bar, and in entering judgment on the merits of Miller's bill of complaint.  We further hold that Miller's failure to name the Board, a required party, as a defendant in the action requires us to dismiss Miller's appeal.

IV. BRODY'S PROCEEDINGS IN CIRCUIT COURT

Tom Brody, Patty Reum, and several other landowners who own property near the wind turbine project site (collectively, Brody) filed a motion for declaratory judgment in the circuit court.  Brody named as defendants Highland County, Virginia, the Highland County Planning Commission, and the Highland County Board of Supervisors (collectively, the Highland County Board), and Highland New Wind Development, LLC, Tamarack of Highland, LLC, and Red Oak Ranch, LLC (collectively, New Wind), and sought to invalidate the planning commission's determination that the CUP was in "substantial accord" with Highland County's comprehensive plan.  Brody asked the circuit court to declare that the planning commission did not have jurisdiction or authority to review the CUP after it was

15

issued by the Board.  Alternatively, Brody asked the circuit court to declare, among other things, that the planning commission decision was "not in accord with law," was not "in accord with the existing County comprehensive plan," and was "arbitrary and capricious, and void."

The Highland County Board filed a motion for summary judgment arguing that Code § 15.2-2232 conferred jurisdiction on the planning commission to review the permit, that the CUP was in "substantial accord" with the comprehensive plan, and that Code § 15.2-2232 does not provide to a private third-party a right of action for persons such as Brody to contest the planning commission's decision.  New Wind joined in the Highland County Board's motion for summary judgment.

Brody also filed a motion for summary judgment.  In his motion, Brody asserted that the planning commission's decision that the CUP was in "substantial accord" with the comprehensive plan was invalid because it was not supported by factual findings.

The circuit court conducted a hearing on the motions and concluded that the planning commission's decision that the CUP was in "substantial accord" with the comprehensive plan was sufficiently supported by evidence in the record, despite the fact that the planning commission review

16

pursuant to Code § 15.2-2232 occurred after the Board issued the permit. The circuit court granted the motions for summary judgment filed by the Highland County Board and New Wind but did not address the Board's argument that Brody had no right of action under Code § 15.2-2232. Brody appeals.

## V. BRODY'S APPEAL

In Brody's appeal, the Highland County Board argues as a matter of cross-error that Brody's action is barred because Code § 15.2-2232 does not create a private third-party right of action to challenge a planning commission's finding that a proposed use is in "substantial accord" with a comprehensive plan. The Highland County Board contends that under Code § 15.2-2232(B), only a property owner who has been denied a conditional use permit may appeal a planning commission's "substantial accord" determination, and that this right of appeal lies only to the local governing body. The Highland County Board also asserts that Brody's attempted use of the declaratory judgment statutes to challenge the planning commission's determination is invalid under this Court's holding in Shilling v. Jimenez, 268 Va. 202, 597 S.E.2d 206 (2004).

Brody concedes that there is no specific statutory right to appeal a decision by the planning commission. However, Brody responds that under these circumstances, a

17

declaratory judgment action provides the only mechanism for review of the planning commission determination at issue.

In addressing these arguments, we consider both the general nature of a declaratory judgment action and the particular language of Code § 15.2-2232. A circuit court has the power to issue declaratory judgments under Code §§ 8.01-184 through -191. Pursuant to this authority, circuit courts may make "binding adjudications of right" in cases of "actual controversy" when there is "antagonistic assertion and denial of right." Code § 8.01-184; Hoffman Family, L.L.C. v. Mill Two Assocs. P'ship, 259 Va. 685, 692, 529 S.E.2d 318, 323 (2000); Blue Cross & Blue Shield v. St. Mary's Hosp., 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); Erie Ins. Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990).

The purpose of the declaratory judgment statutes is to provide a mechanism for resolving uncertainty in controversies over legal rights, without requiring one party to invade the asserted rights of another in order to permit an ordinary civil action for damages. Code § 8.01-191; Umstattd v. Centex Homes, G.P., 274 Va. ___, ___, ___ S.E.2d ___, ___ (2007) (this day decided); Hoffman, 259 Va. at 693, 529 S.E.2d at 323; Cupp v. Board of Supervisors, 227 Va. 580, 592, 318 S.E.2d 407, 413 (1984); Liberty Mutual Ins.

18

Co. v. Bishop, 211 Va. 414, 418, 177 S.E.2d 519, 522 (1970).

Thus, the remedy that may be obtained in a declaratory judgment action is preventive relief, upon assertion of an actual controversy. Chaffinch v. Chesapeake & Potomac Tel. Co., 227 Va. 68, 72, 313 S.E.2d 376, 378 (1984); Bishop, 211 Va. at 419, 177 S.E.2d at 522; Williams v. Southern Bank of Norfolk, 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962).

Our declaratory judgment statutes do not create or alter any substantive rights, or bring any other additional rights into being. Bishop, 211 Va. at 419, 177 S.E.2d at 522; Williams, 203 Va. at 662, 125 S.E.2d at 807. We emphasized this basic principle in our decision in Cupp v. Board of Supervisors, stating:

> The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature. In other words, the intent of the act is to have courts render declaratory judgments which may guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests.

227 Va. at 592, 318 S.E.2d at 413 (quoting Bishop, 211 Va. at 421, 177 S.E.2d at 524) (emphasis omitted).

Viewed in this context, Brody's pleadings do not assert a valid request for declaratory relief because, among other reasons, the pleadings do not seek preventive relief but

effectively attempt to create a right of appeal that does not exist by statute.  Code § 15.2-2232, which addresses the planning commission's duty to render a "substantial accord" determination in certain cases, provides in relevant part:

> (A) Whenever a local planning commission recommends a comprehensive plan or part thereof for the locality and such plan has been approved and adopted by the governing body, . . . [t]hereafter, unless a feature is already shown on the adopted master plan . . . no street or connection to an existing street, park or other public area, public building or public structure, public utility facility or public service corporation facility other than railroad facility, whether publicly or privately owned, shall be constructed, established or authorized, unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved by the commission as being substantially in accord with the adopted comprehensive plan or part thereof. . . .
>
> (B) The commission shall communicate its findings to the governing body, indicating its approval or disapproval with written reasons therefor.  The governing body may overrule the action of the commission by a vote of a majority of its membership. . . .  The owner or owners or their agents may appeal the decision of the commission to the governing body within ten days after the decision of the commission.  The appeal shall be by written petition to the governing body setting forth the reasons for the appeal.  The appeal shall be heard and determined within sixty days from its filing.  A majority vote of the governing body shall overrule the commission.

Id.

Under the plain language of these statutory provisions, only the owner of the property at issue, or the owner's agent, may appeal to the governing body from a "substantial

20

accord" determination of the planning commission. Notably, the statute does not provide third parties with a right of appeal from such a determination.

We have previously held that the declaratory judgment statutes may not be used to attempt a third-party challenge to a governmental action when such a challenge is not otherwise authorized by statute. In Shilling, a neighboring landowner filed a declaratory judgment action asking a circuit court to declare void the creation of a certain "family subdivision" approved under an ordinance permitting conveyances to members of a landowner's immediate family. 268 Va. at 205-06, 597 S.E.2d at 208. The neighboring landowner alleged that the subdivision was "wrongfully" approved by local officials based on misrepresentations of fact made by the applicant. Id. at 205-06, 597 S.E.2d at 208.

The defendants filed demurrers alleging that the local governing body was the sole entity authorized to enforce the ordinance, and that the complainants could not seek to enforce the ordinance provisions by using the remedy of declaratory judgment. The circuit court sustained the demurrers and dismissed the bill of complaint with prejudice. Id. at 206, 597 S.E.2d at 208. We affirmed the circuit court's judgment, holding that the complainants did

21

not have a third-party right of action to enforce a county's application of its subdivision ordinance in a declaratory judgment suit when there was no specific statutory authorization allowing third parties this right.  Id. at 208, 597 S.E.2d at 209-10.

The rationale underlying our decision in Shilling applies equally well here.  The declaratory judgment statutes are not intended to provide, and do not create, a right of appeal that does not otherwise exist.  In attempting to create such a right in his bill of complaint, Brody failed to state a cause of action.  Therefore, we hold that the circuit court erred in concluding that Brody had a right to bring an action in the circuit court challenging the planning commission's "substantial accord" determination.

The circuit court, however, reached the correct result in Brody's case by granting the defendants' motion for summary judgment, although on grounds incorrectly addressing the merits of the suit.  When a circuit court has reached the correct result for the wrong reason, we will assign the correct reason and affirm the relevant portion of the circuit court's judgment.  Almy v. Grisham, 273 Va. 68, 82, 639 S.E.2d 182, 189 (2007); Mitchem v. Counts, 259 Va. 179,

191, 523 S.E.2d 246, 253 (2000); Hartzell Fan, Inc. v. Waco, Inc., 256 Va. 294, 303, 505 S.E.2d 196, 202 (1998).

## VI. CONCLUSION

Based on our holdings in these appeals, we will reverse the circuit court's final judgment in favor of New Wind and Highland County in Miller's case, and we will dismiss Miller's bill of complaint with prejudice because Miller failed to join the Board as a party to the action within 30 days of the Board's decision.  We also will affirm the circuit court's award of summary judgment in favor of New Wind and the Highland County Board, because Brody failed to assert a valid request for declaratory relief.

Record No. 062111 – Reversed and dismissed.
Record No. 062489 – Affirmed.