Present:    All the Justices

LINDA BELL, ET AL.
                                        OPINION BY
                            CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  RECORD NO. 080599                   June 4, 2009

N. LESLIE SAUNDERS, JR., ESQ., PERSONAL REPRESENTATIVE,
EXECUTOR, ADMINISTRATOR, AND TRUSTEE OF THE ESTATE OF
EDWARD J. BELL, SR.

              FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                        Thomas V. Warren, Judge

                                   I

    The primary issue that we consider in this appeal is whether the beneficiary of a will filed a justiciable motion for declaratory judgment, thereby enabling the circuit court to ascertain the duties that the will imposes upon the executor and trustee of the decedent's estate.

                                  II

    Linda Bell and her son, David W. Bell, filed their complaint against N. Leslie Saunders, Jr., Esq., as executor and trustee of the estate of Edward J. Bell, Sr.  They alleged the following facts.

    Saunders, an attorney, drafted the "Last Will and Testament of Edward J. Bell, Sr."  The will, dated June 22, 1994, was admitted to probate on August 31, 1999.  Saunders qualified as the executor of the estate of Edward J. Bell, Sr.

    Article III(a) of the will states: "During the life of my sons, EDWARD J. BELL, JR. and STEWART W. BELL, Trustee shall

pay the net annual income from the Trust Estate to them in equal shares."  Article III(b) of the will further states that

> "[u]pon the death of either of my said sons, my Trustee shall divide whatever then constitutes the principal of the Trust Estate into two equal shares, which two equal shares shall be held, administered and disposed of by my Trustee upon the trusts, limitations and conditions, and subject to the provisions, following:
>
> > "(1) Should the wife of a deceased son of mine survive him, then so long as she shall live, Trustee shall pay the net annual income from said one-half of the Trust Estate to his wife so long as she shall live."

Edward J. Bell, Jr., was married to Linda Bell when he died in 2004.  Linda Bell and David Bell allege that Saunders "has failed and/or refused to pay to Linda Bell the net annual income from the said one-half of the Trust Estate from the time of the death of Edward J. Bell, Jr., in 2004 to and through the present date [and] . . . [t]hat, in fact, [Saunders] has advised the undersigned (counsel for Linda Bell) that he does not believe that he has to disburse any of the estate until Linda Bell dies."

Linda Bell and David Bell further allege that Saunders also drafted a will for Edward J. Bell, Jr.  Pursuant to the terms of that will, David Bell is a beneficiary but has not received any distributions from the estate.  Linda Bell and David Bell assert that even though Saunders had not qualified as the executor of the estate of Edward J. Bell, Jr., Saunders

2

has nonetheless, "taken an active role in obtaining the property of Edward J. Bell, Jr., but has failed and/or refused to provide an accounting to David W. Bell, the heir under the will of Edward J. Bell, Jr."

Linda Bell and David Bell requested the circuit court to: interpret the wills of Edward J. Bell, Sr., and Edward J. Bell, Jr.; determine the rights of Linda Bell and David Bell; require an accounting of all assets and disbursements pursuant to the terms of both wills; determine if the "Executor/Trustee" is in proper compliance with the wills of both estates; rule that if the "Executor/Trustee" is not in proper compliance with the wills, that he immediately "come into proper compliance"; remove the "Executor/Trustee" if appropriate; and compel the "Executor/Trustee" to "wind up" the estate of Edward J. Bell, Sr., and disburse in accord with the will.

Saunders filed a demurrer and an answer. Saunders asserted in the demurrer that the complaint "fails to state a cause of action, and fails to state a case of actual controversy and dispute, and fails to state facts upon which the relief demanded may be granted." The circuit court entered an order sustaining the demurrer and dismissed the complaint. Linda Bell and David Bell appeal.

3

III

A.

The purpose of a demurrer is to determine whether a complaint states a cause of action upon which relief may be granted. Tronfeld v. Nationwide Mutual Ins. Co., 272 Va. 709, 712-13, 636 S.E.2d 447, 449 (2006); Welding, Inc. v. Bland County Service Auth., 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001). "A demurrer admits the truth of all properly pleaded material facts. 'All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law.' " Dodge v. Randolph-Macon Woman's College, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008) (citations omitted); accord Tronfeld, 272 Va. at 712-13, 636 S.E.2d at 449; Fuste v. Riverside Healthcare Ass'n, 265 Va. 127, 131-32, 575 S.E.2d 858, 861 (2003). With these principles in mind, we consider the litigants' contentions.

B.

Linda Bell and David Bell argue that the circuit court erred by sustaining the demurrer because they pled an actual controversy regarding the proper interpretation of the wills of Edward J. Bell, Sr., and Edward J. Bell, Jr., and Saunders' failure to fulfill his duties as the executor and trustee

4

under the wills.  Responding, Saunders asserts that Linda Bell

and David Bell failed to state any facts upon which relief may

be granted and, therefore, the circuit court properly

sustained the demurrer.  Continuing, Saunders asserts that all

accountings that he has filed on behalf of the estate of

Edward J. Bell, Sr., have been confirmed and he argues that a

declaratory judgment action cannot be used to challenge the

validity of the accountings.  Additionally, Saunders contends

that he has not qualified as the executor of the estate of

Edward J. Bell, Jr., and, therefore, has no obligation to file

an accounting for that estate.

Code § 8.01-184 states:

"In cases of actual controversy, circuit courts
within the scope of their respective jurisdictions
shall have power to make binding adjudications of
right, whether or not consequential relief is, or at
the time could be, claimed and no action or
proceeding shall be open to objection on the ground
that a judgment order or decree merely declaratory
of right is prayed for.  Controversies involving the
interpretation of deeds, wills, and other
instruments of writing, statutes, municipal
ordinances and other governmental regulations, may
be so determined, and this enumeration does not
exclude other instances of actual antagonistic
assertion and denial of right."

Initially, we note that Code § 8.01-184 is to be liberally

interpreted and administered "'with a view to making the

courts more serviceable to the people.'"  Fairfax County v.

Southland Corp., 224 Va. 514, 521, 297 S.E.2d 718, 721 (1982).

5

Virginia's declaratory judgment statutes provide a mechanism for resolving uncertainty in controversies regarding legal rights, without requiring one party to invade the asserted rights of another in order to permit an ordinary civil action for damages. Miller v. Highland County, 274 Va. 355, 370, 650 S.E.2d 532, 539 (2007); Umstattd v. Centex Homes, 274 Va. 541, 548, 650 S.E.2d 527, 531 (2007); Cupp v. Board of Supervisors, 227 Va. 580, 592, 318 S.E.2d 407, 413 (1984); Liberty Mutual Ins. Co. v. Bishop, 211 Va. 414, 418, 177 S.E.2d 519, 522 (1970). A declaratory judgment action, which is preventive relief, may only be obtained when an actual controversy exists. Miller, 274 Va. at 369-70, 650 S.E.2d at 538; Chaffinch v. C & P Tel. Co., 227 Va. 68, 72, 313 S.E.2d 376, 378 (1984); Bishop, 211 Va. at 419, 177 S.E.2d at 522-23; Williams v. Southern Bank of Norfolk, 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962). Courts may only issue declaratory judgments in cases of " 'actual controversy when there is antagonistic assertion and denial of right.' " Board of Sup. Loudoun Cty. v. Town of Purcellville, 276 Va. 419, 434, 666 S.E.2d 512, 519 (2008) (quoting Treacy v. Smithfield Foods, 256 Va. 97, 103, 500 S.E.2d 503, 506 (1998)); Miller, 274 Va. at 369-70, 650 S.E.2d at 538-39; Hoffman Family, L.L.C. v. Mill Two Associates, 259 Va. 685, 692, 529 S.E.2d 318, 323 (2000); Blue Cross & Blue Shield v. St. Mary's

6

Hospital, 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); Erie

Insurance Group v. Hughes, 240 Va. 165, 170, 393 S.E.2d 210,

212 (1990).

We have stated the following principles that are equally

pertinent here:

> "A plaintiff has standing to institute a
> declaratory judgment proceeding if it has a
> 'justiciable interest' in the subject matter of the
> proceeding, either in its own right or in a
> representative capacity.  Henrico County v. F. & W.,
> Inc., 222 Va. 218, 223, 278 S.E.2d 859, 862 (1981);
> Lynchburg Traffic Bureau v. Norfolk and Western
> Railway, 207 Va. 107, 108, 147 S.E.2d 744, 745
> (1966).  In order to have a 'justiciable interest'
> in a proceeding, the plaintiff must demonstrate an
> actual controversy between the plaintiff and the
> defendant, such that his rights will be affected by
> the outcome of the case."

W.S. Carnes, Inc. v. Chesterfield County, 252 Va. 377,

383, 478 S.E.2d 295, 299 (1996).

Applying Code § 8.01-184 and our well established

precedent, we hold that the circuit court erred in

sustaining the demurrer against Linda Bell's complaint.

Code § 8.01-184 clearly and unambiguously confers upon a

circuit court in cases of actual controversy the power to

issue a declaratory judgment in a proceeding involving

the interpretation of a will.  Linda Bell pled in her

complaint that pursuant to the terms of the will she is

entitled to receive net income from one-half of the trust

estate so long as she lives; that Saunders has failed and

7

refused to pay her the net annual income from the one-half of the trust estate from 2004 through the present; and that Saunders does not intend to disburse any of the estate's assets until Linda Bell's death. Linda Bell has pled a justiciable controversy which includes specific adverse claims based on present facts that are ripe for adjudication pursuant to Code § 8.01-184.

C.

The circuit court did not err in sustaining the demurrer regarding David Bell's complaint. David Bell alleged in the complaint that he is entitled to receive proceeds from the estate of Edward J. Bell, Jr. However, David Bell also alleged in the complaint that Saunders has not qualified as an executor of the estate of Edward J. Bell, Jr.

Code § 64.1-136 states:

> "No person appointed by a will executor thereof shall have the powers of executor until he qualifies as such by taking an oath and giving bond in the court in which or before the clerk by whom the will or an authenticated copy thereof is admitted to record, except that he may provide for the burial of the testator, pay reasonable funeral expenses and preserve the estate from waste."

David Bell alleged in the complaint that Saunders has not qualified as the executor of the estate of Edward J. Bell, Jr., and, therefore, Saunders may not exercise the powers of an executor of that estate. David Bell failed to plead the

8

existence of an actual controversy involving an antagonistic assertion and denial of right between himself and Saunders.

IV

We find no merit in the litigants' remaining contentions. Accordingly, we will affirm that portion of the judgment of the circuit court that sustained the demurrer against David Bell's complaint.  We will reverse that portion of the judgment of the circuit court that sustained the demurrer against Linda Bell's complaint and we will remand this case to the circuit court for further proceedings.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded</u>.