# CIRCUIT COURT OF FAIRFAX COUNTY

Jessica Flinn

v.

Fairfax County
School Board

November 14, 2013

Case No. CL-2013-10932

BY JUDGE DAVID S. SCHELL

## I. *Introduction*

This matter came before the Court on September 13, 2013, on Defendant's "Demurrer to Petition for Declaratory Judgment." At the conclusion of the hearing, the Court took the demurrer under advisement. The Court has now considered the pleadings, the arguments of both parties, and the relevant legal authority. For the reasons below, the Court has determined that it does not have the authority under Virginia Code § 8.01-184 to exercise jurisdiction over Plaintiffs requests for declaratory relief.

## II. *Background*

The following facts are pleaded in the Plaintiff's Petition for Declaratory Judgment (the "complaint").

Jessica Flinn was hired as a substitute teacher by the Fairfax County Public Schools ("FCPS") in 2008, after completing an employment application on April 23, 2008. The employment application required the Plaintiff to indicate whether she had ever been convicted of a felony, and, if yes, to provide the specific offense and date of the court disposition. The application did not require the Plaintiff to certify that she had never been convicted of a felony.

On that application, the Plaintiff disclosed a June 13, 2000, conviction of felony credit card fraud. She was initially disapproved for hire. FCPS administrators later overrode this decision and approved Plaintiff's hiring, despite her prior felony conviction.

The Plaintiff's civil rights were restored on June 19, 2008, pursuant to Virginia Code § 53.1-231.2. She applied for employment as an Instructional Assistant at FCPS and was hired in August 2008.

The Plaintiff applied to the Virginia Department of Education ("VDOE") for a provisional teaching license in October 2010. A VDOE Superintendent's Investigative Panel was convened on December 3, 2010, to determine if the Plaintiff's felony conviction barred VDOE from granting her such a license. This panel unanimously recommended to the Board of Education that the Plaintiff receive a provisional license. The Plaintiff received this provisional license, following a vote by the Board of Education, on January 13, 2011. Plaintiff was required to obtain this provisional license before teaching in the Commonwealth of Virginia.

The Plaintiff had been employed by FCPS throughout this period. Contemporaneously, FCPS accepted the Plaintiff into its "COHORT" program, through which the Plaintiff earned a Master's Degree from George Mason University in May 2011. The Plaintiff then obtained her five-year teaching license from the VDOE.

On April 17, 2013, an FCPS Investigator informed the Plaintiff that FCPS had recently performed an internal audit of employees' criminal records. On June 6, 2013, a FCPS Deputy Superintendent informed the Plaintiff that her contract with FCPS would not be renewed under Virginia Code § 22.1-306, as FCPS believed Virginia Code § 22.1-296.1 prohibited her employment.

The Plaintiff received a simple pardon for her 2000 felony conviction from Governor Robert McDonnell on June 19, 2013.

Plaintiff's Petition for Declaratory Judgment was filed on July 2, 2013. At that time, the Plaintiff was in the third year of her probationary term of service under Virginia Code § 22.1-303. She was most recently employed by FCPS as special education teacher. The complaint requests two forms of declaratory relief, specifying that (1) Virginia Code § 22.1-296.1 is an affirmative obligation regarding the language required in a school board's employment application and (2) Virginia Code § 22.1-296.1 does not prohibit Plaintiff's continued employment by Defendant.

The matter is now before the Court on Defendant's demurrer to Plaintiff's complaint, filed on August 16, 2013.

### III. *Defendant's Argument*

The Defendant, in its demurrer, advances four grounds upon which this action should be dismissed with prejudice: (1) Plaintiff's petition does not present a justiciable controversy because she does not and cannot claim any legal right to renewal of her contract; (2) Plaintiff cannot obtain a declaratory judgment when the Defendant has already decided not to renew her contract; (3) Plaintiff has not identified any contract or law allowing judicial review of the decision not to renew her contract; and (4) Plaintiff

was and is ineligible for hire by a school board in Virginia under Virginia Code § 22.1-296.1(A).

## IV. *Plaintiff's Argument*

The Plaintiff argues that Virginia Code § 22.1-296.1 contains an affirmative duty requiring school boards to include particular language in their employment applications. The statute does not place a burden on the Plaintiff, rather, the burden is on the school board and the school board alone. The Plaintiff has not violated any provision of § 22.1-296.1, nor does Defendant's acknowledged violation of § 22.1-296.1(A) at the time Plaintiff completed her employment application prohibit continued employment of the Plaintiff by the FCPS.

Assuming, *arguendo*, that Virginia Code § 22.1-296.1 does prohibit the employment of certain individuals, the Plaintiff contends that she is not a member of that prohibited class. The Plaintiff has had her civil rights restored; these rights include the ability to hold certain jobs controlled by statute in Virginia. And, the Plaintiff's simple pardon further distinguishes her, as the Commonwealth has forgiven her for her crime.

## V. *Standard on Demurrer*

This Court may sustain a demurrer when a pleading fails to state a cause of action or to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273. Only those grounds stated in a demurrer shall be considered by the Court, *Id.* A demurrer admits the truth of all "properly pleaded material facts," and all reasonable inferences are drawn in favor of the Plaintiff. *Ward's Equip. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997). However, a Plaintiff's conclusions of law are not admitted as correct. *Id.* The Court does not decide the merits of a claim when ruling on a demurrer; the Court merely determines whether the Plaintiff's factual allegations are sufficient to state a cause of action. *Barber v. VistaRMS, Inc.*, 272 Va. 319, 327, 634 S.E.2d 706 (2006). The decision whether or not to sustain a demurrer is a question of law. *Kaltman v. All Am. Pest Control, Inc.*, 281 Va. 483, 489, 706 S.E.2d 864 (2011).

## VI. *Declaratory Judgment*

The General Assembly has provided this Court with the power to issue declaratory judgments pursuant to Virginia Code §§ 8.01-184 through 8.01-191. Under these code sections, the Court "may make 'binding adjudications of right' in cases of 'actual controversy' when there is an 'antagonistic assertion and denial of right'." *Martin v. Garner*, 286 Va. 76, 82, 745 S.E.2d 419 (2013) (quoting *Miller v. Highland Cnty.*, 274 Va. 355, 369-70, 650 S.E.2d 532 (2007)).

An actual controversy is a prerequisite to a court having authority. If there is no actual controversy between the parties regarding the adjudication of rights, the declaratory judgment is an advisory opinion that the court does not have jurisdiction to render. The prerequisites for jurisdiction, an actual controversy regarding the adjudication of rights, may be collectively referred to as the requirement of a "justiciable controversy."

*Id.* (quoting *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cnty. Bd. of Supervisors*, 285 Va. 87, 98, 737 S.E.2d 1 (2013)).

Such declaratory judgments are meant to "afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor." Va. Code § 8.01-191. The code sections that provide for declaratory relief are "to be liberally interpreted and administered with a view to making the courts more serviceable to the people." *Id.*

The conditions affording this Court jurisdiction in a declaratory judgment action, an actual controversy regarding the adjudication of an antagonistic assertion and denial of rights, "may be collectively referred to as the requirement of a 'justiciable controversy'." *Fitness Club Operators,* 285 Va. at 98. In order for a controversy to be "justiciable" and jurisdiction to be conferred on this Court, there must be "specific adverse claims, based upon present rather than future or speculative facts, [that] are ripe for judicial adjustment." *Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.,* 245 Va. 24, 35, 426 S.E.2d 117 (1993) (quoting *City of Fairfax v. Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773 (1964)).

[T]he declaratory judgment statute . . . "contemplates that the parties to the proceeding shall be adversely interested in the matter as to which the declaratory judgment is sought." *Chick v. MacBain,* 157 Va. 60, 66, 160 S.E. 214 (1931) (quoting *Patterson v. Patterson,* 144 Va. 113, 120, 131 S.E. 217 (1926)).

[T]he question involved must be a real and not a theoretical question; the person raising it must have a real interest to raise it; he must be able to secure the proper contradicter, that is to say, someone presently existing who has a true interest to oppose the declaration sought.

*Martin,* 286 Va. at 83 (quoting *Patterson,* 144 Va. at 120). While the declaratory judgment statute, by its own terms, is to be liberally interpreted and applied, that "statute does not authorize [this Court] to render advisory opinions or decide moot or speculative issues." *Blue Cross,* 245 Va. at 35.

Without a justiciable controversy, any declaratory judgment entered by this Court would be advisory or moot. Put simply, "[a] circuit court has no authority to exercise jurisdiction over a declaratory judgment proceeding absent a justiciable controversy." *Fitness Club Operators*, 285 Va. at 100.

## VII. *Applied Here*

This Court must first address the issue of its authority to issue declaratory relief under Virginia Code §§ 8.01-184 through 8.01-191. See *Daniels v. Mobley*, 285 Va. 402, 408, 737 S.E.2d 895 (2013); *Shanklin*, 205 Va. at 229. "Whether or not jurisdiction shall be taken is within the sound discretion of the trial court." *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662, 125 S.E.2d 803 (1962) (quoting *American Nat. Bank & Trust Co. v. Kushner*, 162 Va. 378, 386, 174 S.E. 777 (1934)). However, this discretionary authority to enter declaratory judgment "must be exercised with great care and caution." *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 346, 497 S.E.2d 744 (1998). This Court's authority to take jurisdiction over a declaratory judgment action is further limited by the prerequisite of a justiciable controversy, as described above. Absent a justiciable controversy, a declaratory judgment action must be dismissed.

Therefore, the Plaintiff's complaint must establish a justiciable controversy by alleging facts that "demonstrat[e] an actual controversy between the [P]laintiff and the [D]efendant, such that [the Plaintiff's] rights will be affected by the outcome of the case." *Fitness Club Operators*, 285 Va. at 98 (quoting *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 383, 478 S.E.2d 295 (1996)). A justiciable controversy has not been sufficiently alleged unless it is "possible for [this Court] to render a decree yielding specific relief, such that the [P]laintiff's rights will be thereby affected." *Daniels*, 285 Va. at 408.

The Plaintiff here seeks relief under Virginia Code § 8.01-184, specifying that (1) Virginia Code § 22.1-296.1 is an affirmative obligation regarding the language required in a school board's employment application and (2) Virginia Code § 22.1-296.1 does not prohibit Plaintiffs continued employment by Defendant.

Virginia Code § 22.1-296.1(A) obliges every Virginia school board to require certain items on their application for employment:

> As a condition of employment for all of its public school employees, whether full-time or part-time, permanent or temporary, every school board shall require on its application for employment certification (i) that the applicant has not been convicted of a felony or any offense involving the sexual molestation, physical or sexual abuse, or rape of a child; and (ii) whether the applicant has been convicted of a crime of moral turpitude. Any person making a materially

false statement regarding any such offense shall be guilty of a Class 1 misdemeanor and, upon conviction, the fact of said conviction shall be grounds for the Board of Education to revoke such person's license to teach.

Va. Code § 22.1-296.1(A). Plaintiff, in her complaint, alleges that she was informed that her contract with FCPS could not be renewed under Virginia Code § 22.1-305, as FCPS interpreted Virginia Code § 22.1-296.1 as a prohibition on her employment.

The timing of Plaintiffs complaint is the initial bar to her requested relief. Plaintiff admits she has already been dismissed from her position with FCPS under Virginia Code § 22.1-305.

> The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, *but to permit the declaration of those rights before they mature*. In other words, the intent of the act is to have courts render declaratory judgments *which may guide parties in their future conduct in relation to each other*, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests. This is with a view rather to avoid litigation than in aid of it.

*Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519 (1970) (emphasis added).

As to Plaintiff's first request for declaratory relief, Plaintiff fails to allege that the FCPS is "adversely interested in the matter as to which the declaratory judgment is sought." *Chick*, 157 Va. at 66 (quoting *Patterson*, 144 Va. at 120). There is no allegation in the complaint that FCPS fails to interpret § 22.1-296.1 as an affirmative obligation regarding the language required in their employment application. Indeed, Defendant concedes that § 22.1-296.1 places an obligation on both school boards, Defendant included, and applicants. See Def.'s Dem. 6. The following excerpt from the Supreme Court of Virginia's decision in *Martin* is instructive on the issue of Plaintiff's first request for declaratory relief:

> In Martin's pleadings, he seeks a declaration that he owns the fee underlying the entire length of the alley. He does not allege, however, that the Abutting Owners have asserted an ownership interest in the alley. Although Martin alleges generally that "[e]ach of the Abutting Owners and/or their predecessors in interest have from time to time blocked, stopped up, and/or interrupted" the alley "and/or disputed Martin & Drewry's rights as owners of the fee underlying" the alley, there is no

allegation detailing a specific violation of Martin's alleged rights in the entire alley. The Abutting Owners who did file pleadings have not asserted an ownership interest in the alley. Indeed, the Garners do not claim ownership of any portion of the alley other than that portion abutting their own property which was adjudicated by the circuit court.

Thus, with respect to the portion of the alley not abutting the Garners' property, Martin's pleadings do not allege "present facts" evidencing a "specific adverse claim" between parties with "true interest to oppose" Martin's claim to ownership of the alley. . . . Contrary to Martin's argument, the fact that the Abutting Owners "were before the court and the relevant deeds were in evidence," is insufficient to establish a justiciable controversy between the parties. Accordingly, the circuit court did not err in dismissing Martin's claim seeking a declaration of ownership as to the remaining length of the alley.

*Martin*, 286 Va. at 83-84 (citations omitted).

As to Plaintiff's second request for declaratory relief, it appears Plaintiff has failed to allege facts demonstrating an actual controversy "such that [her] rights will be affected by the outcome of the case." *Fitness Club Operators*, 285 Va. at 98. Just as Plaintiff had no right to renewal of her contract by FCPS prior to her termination under the probationary teacher framework in the Virginia Code, she will have no right to renewal under that framework if this Court determines that Virginia Code § 22.1-296.1 is not a bar to her employment. Again, "[t]he intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed. . . ." *Liberty Mut.*, 211 Va. at 421. Virginia Code § 22.1-305, under which the Plaintiff alleges she was terminated, allows a probationary teacher to request the reasons for her recommended termination and discuss those reasons with her superiors. However, § 22.1-305 cautions that:

> [t]he intent of this section is to provide an opportunity for a probationary teacher to discuss the reasons for nonrenewal with the division superintendent or his designee, and the provisions of this section are meant to be procedural only. *Nothing contained herein shall be taken to require cause*, as defined in § 22.1-307, *for the nonrenewal of the contract of a teacher who has not achieved continuing contract status.* . . .

Va. Code § 22.1-305(H) (emphasis added). Even if this Court were to grant Plaintiffs second request for declaratory relief, under § 22.1-305 Plaintiff could have been denied renewal of her contract for any other reason, at any time, or for no reason at all. There is no statutory avenue for the

Plaintiff to challenge a nonrenewal of her contract under § 22.1-305, and the declaratory judgment statutes cannot be used to bring such a right into being. See *Miller*, 274 Va. at 372.

## VIII. *Conclusion*

For these reasons, Plaintiff has failed to allege a justiciable controversy, an actual controversy regarding the adjudication of an antagonistic assertion and denial of rights. Without this requisite element of a declaratory judgment claim, this Court does not have the authority under Virginia Code § 8.01-184 to exercise jurisdiction over Plaintiff's request for declaratory relief.

As this Court cannot exercise jurisdiction, it makes no ruling regarding Plaintiff's contention that Virginia Code § 22.1-296.1 does not prohibit her employment by the Defendant.

Accordingly, the Petition for Declaratory Judgment is dismissed with prejudice.