# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Boasso America Corporation,
d/b/a Greensville Transport Co.

v.

City of Chesapeake
Zoning Appeals Board

October 16, 2015

Case No. (Civil) CL15-1159

BY JUDGE TIMOTHY S. WRIGHT

Boasso America Corporation, d/b/a Greensville Transport Co., petitions this Court for a writ of certiorari to the April 23, 2015, decision of the Board of Zoning Appeals (BZA) regarding a parcel located at 4209 South Military Highway. Greensville operates a facility on the parcel in support of its trucking operations. Greensville has leased the property since 2005, and the use of the property has not changed since that time; however, by letter of February 6, 2015, the Zoning Administrator notified Greensville that it was not in compliance with Chesapeake Zoning Ordinance §§ 8-601 and 8-602.

Greensville subsequently filed an application to the BZA, which was heard at a regular meeting of the board on April 23, 2015. At the meeting, the BZA upheld the Zoning Administrator's decision by a divided vote of 3 to 3, and the petitioner now appeals.

### The Zoning Administrator's Motion To Intervene and Dismiss

The Zoning Administrator argues that he should be granted leave to intervene because he is granted broad authority "to administer and enforce the provisions of" the Chesapeake Zoning Ordinance pursuant to § 20-101(A)(1). The petitioner responds that intervention is not proper under Va. Code § 15.2-2314, as the Zoning Administrator was not "aggrieved" by the decision of the BZA.

Va. Code § 15.2-2314 provides: "The governing body, the landowner, and the applicant before the board of zoning appeals shall be necessary parties to the proceedings in the circuit court. The court may permit intervention by *any other person or persons jointly or severally aggrieved by any decision of the board* of zoning appeals." (Emphasis added.) Rule 3:14 also governs intervention, but is inapplicable here, as it is more general than the specific intervention statute cited *supra.* Va. Code § 15.2-2286(A)(4) additionally addresses the powers a governing body may grant to the Zoning Administrator, as detailed below.

In *Wolfe v. Board of Zoning Appeals,* 260 Va. 7, 19–21 (2000), the Supreme Court of Virginia addressed an appeal by the Zoning Administrator of the BZA's decision in part, and held that the administrator did not have standing because his petition was not filed on behalf of the county's board of supervisors. Here, the Zoning Administrator's motion to intervene seeks to protect rights effectively identical to those of the governing body. Va. Code § 15.2-2314 provides that the Court may permit any other person aggrieved by a decision of the board to intervene, but the Zoning Administrator was not so aggrieved; the board upheld his determinations.

However, Va. Code § 15.2-2286(A)(4) provides in relevant part:

> The Zoning Administrator shall have all necessary authority on behalf of the governing body to administer and enforce the zoning ordinance. His authority shall include (i) ordering in writing the remedying of any condition found in violation of the ordinance; (ii) insuring compliance with the ordinance, bringing legal action, including injunction, abatement, or other appropriate action or proceeding subject to appeal pursuant to § 15.2-2311. . . .

This Court, therefore, granted the Zoning Administrator's motion orally in court and now affirms that ruling, as his intervention seeks to ensure compliance with the ordinance through legal action. *See id.; Frace v. Johnson,* 289 Va. 198, 199 (2015) ("[T]he Circuit Court permitted the Zoning Administrator to intervene.").

### *Motion To Quash and Plea in Bar of City Attorney and City Clerk and Zoning Administrator's Motion To Dismiss*

The City Attorney, City Clerk, and Zoning Administrator assert that the petition is defective because the petitioner failed to timely name or serve the City Council or the actual property owner, as the petition states that Greensville leases the property. Under Va. Code § 15.2-2314 and *Frace v. Johnson,* the petitioner's failure to perfect the petition is fatal after thirty days have elapsed, the City parties maintain.

In response, the petitioner argues that Va. Code § 15.2-2314 merely provides the style of the petition and a thirty day deadline for filing and, before *Frace,* the Supreme Court of Virginia had held that necessary parties need not be served or named until after the BZA makes a return on the writ of certiorari. *Frace* is distinguishable, the petitioner claims, because the petitioner in that case never attempted to make the governing body a party, even after the zoning administrator moved to dismiss. More importantly, the petitioner contends that failure to name the governing body does not implicate this Court's subject matter jurisdiction; the Court may exercise its discretion in allowing the petitioner to proceed.

The Court grants the motion to dismiss and denies the petitioner's motion to amend under the holding of *Frace.* In construing Va. Code § 15.2-2314, the Supreme Court of Virginia held that the first three paragraphs of the statute "provide for the proper institution of the proceeding in the circuit court, while the following paragraphs describe what must be contained in the return. . . ." *Id.* at 201. Accordingly, proceedings under the statute are not properly instituted unless the aggrieved party provides timely notice to the necessary parties. *Id.*

> [W]hile the 30-day period "is not an aspect of the circuit court's subject matter jurisdiction," timely compliance with Va. Code § 15.2-2314 is nonetheless required to trigger the circuit court's "active jurisdiction." As stated in *Board of Supervisors II*, the 30-day filing requirement is a "statutory prerequisite" that could be considered "notice jurisdiction, [requiring] effective notice to a party" before a circuit court may exercise its subject matter jurisdiction.

*Id.* at 201–02 (quoting *Board of Supervisors v. Board of Zoning Appeals,* 271 Va. 336, 340, 343–44 (2006) (*"Board of Supervisors II"*)).

This Court made a similar ruling in *Woolard v. City of Chesapeake,* CL 14-2771 (February 11, 2015), holding that the failure to name the City Council was fatal to the petitioner's appeal. *Miller v. Highland Cnty.,* 274 Va. 355, 367 (2007), held that, "in an action under Va. Code § 15.2-2285(F) contesting a decision of a local 'governing body,' that body is a required party defendant against whom suit must be initiated within the time limit specified in the statute." The plaintiff could not amend the complaint on the theory of correcting misnomer, as the required defendant "could not be added as a party after the 30-day period from the date of the Board's decision had run." *Id.*

Furthermore, the City Attorney and City Clerk argue that service of process upon them should be quashed because service on the City Council must be made on an individual member thereof. Neither the Chesapeake City Charter nor the Virginia Code make any provision for the City Attorney to accept service of process in such cases. *See* Va. Code § 8.01-300(1);

Chesapeake City Charter § 9.01(c). The City Clerk, likewise, argues that there is no provision that allows for her to accept service on behalf of City Council. *See* Chesapeake City Charter § 3.09.

However, the petitioner properly effectuated service upon the governing body by serving the Mayor of the City of Chesapeake; he is a member of City Council. *See, e.g., Miller v. Highland Cnty.*, 274 Va. 355, 366–67 (2007) (noting that Va. Code § 8.01-300(3) applies to suits against a locality's governing body); Chesapeake City Charter § 3.01. "If the case be against any political subdivision, or any other public governmental entity created by the laws of the Commonwealth and subject to suit as an entity separate from the Commonwealth, then on the director, commissioner, chief administrative officer, attorney, or any member of the governing body of such entity." The governing body is the City Council in this instance, under Va. Code § 15.2-2314. "In specifying these different methods of service of process, the Virginia General Assembly further manifested its intent that a locality and its governing body are not interchangeable terms, but have separate legal identities that must be observed in initiating an action against either as a party defendant in a legal action." *Miller,* 274 Va. at 367. The motion to quash service on the City Council is, therefore, denied.

Nevertheless, because the petitioner did not properly name all necessary parties in accordance with Va. Code § 15.2-2314, the Court grants the motions to dismiss the petition with prejudice. *See, e.g., In re January 25, 2012, Decision of the Bd. of Zoning Appeals of Rappahannock Cnty., Virginia,* CL 12-17 (Rappahannock Cnty. June 14, 2012).