## CIRCUIT COURT OF FAIRFAX COUNTY

William Millsap

v.

Synon, Inc., et al.

April 11, 1990

Case No. (Law) 95023

By JUDGE J. HOWE BROWN

This matter came before the Court on the Demurrer of the defendant, Synon, Inc., to the Motion for Judgment. For the reasons stated below, the Demurrer is overruled.

According to the Motion for Judgment, the allegations of which will be taken as true, William Millsap was employed by Synon as a salesperson. Synon was routinely late in paying sales commissions to its employees, and Millsap filed a wage claim with the Virginia Employment Commission pursuant to Va. Code § 40.1-29. Millsap was fired by Synon as a direct result of having filed a wage claim. No facts were alleged to show that Millsap was hired for a definite period, and both parties have treated the term of his employment as one "at-will." Millsap seeks damages from Synon for wrongful discharge and breach of contract.

Synon argues that no exceptional circumstances exist in this case, and therefore, the traditional rules relating to the termination of at-will employees are applicable.

In 1985, the Supreme Court noted a narrow exception to the traditional rule that at-will employees have no cause of action for wrongful discharge. In *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), the Court held that it would recognize a wrongful discharge action for at-will employees when the reason for their termination violates public policy. In 1987, the Court

defined public policy as "the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987). These two holdings have been interpreted to mean that the public policy exception only applies in cases where the discharge is in response to the employee's refusal to commit an unlawful act or in the employee's exercise of a statutory right. *Haigh v. Matsushita Electronic Corp. of America*, 676 F. Supp. 1332 (E.D. Va. 1987); *accord*, Marshall, *The Status of the At-Will Employment Doctrine in Virginia after Bowman v. State Bank of Keysville*, 20 U. Rich. L. Rev. 267 (1986).

Virginia Code § 40.1-29 gives employees the statutory right to receive wages and salaries at regular intervals. It also gives them the right to file claims with the Virginia Employment Commission to compel the employer's compliance with the statute. Millsap sought to enforce his rights under this statute and was terminated. These facts are precisely the type that *Bowman* sought to provide a remedy for. In order for the goal of this statute to be realized and the public policy fulfilled, an employee must be able to exercise his rights without fear of reprisal from his employer. *See Bowman*, 229 Va. at 540.

Millsap's Motion for Judgment states a claim for wrongful discharge, and the Demurrer to Count I is overruled. The Demurrer to Count V (breach of contract) is also overruled. As I ruled previously, the Demurrer to Count II is sustained. Leave is granted to amend the Motion for Judgment within twenty-one days of the entry of an order reflecting this ruling. All other counts of the Demurrer have been disposed of by agreement of the parties.