## CIRCUIT COURT OF FAIRFAX COUNTY

Blanchard

   v.

Capital One Services, L.L.C.

October 26, 2015

Case No. CL-2015-0006937

By Judge Penney S. Azcarate

This case came before the Court on September 25, 2015, for a hearing on the Defendant's Demurrer, Plaintiff's Opposition, and Defendant's Reply. Having taken the Demurrer matter under advisement and after reviewing the memoranda of law and arguments submitted by counsel, the Court issues the following opinion overruling the Demurrer.

### Background

Plaintiff filed his Complaint on May 28, 2015, alleging Wrongful Discharge, pursuant to Va. Code § 40.1-29 ("Wage and Payment Act"), which protects employees' payroll and wages from being improperly deducted or withheld during employment and upon termination of employment. Plaintiff claims that he was terminated because he sought payment of his earned bonus, not for any alleged misconduct. At issue is whether Plaintiff's withheld bonus violates the limited exception to at-will employment, a discharge in violation of public policy.

The Complaint specifically states that Plaintiff was eligible for performance-based bonuses through his position as Unit Manager and he was then informed by his direct supervisor that he had earned an $11,000

performance based bonus after a positive 2014 annual performance review. Compl. ¶¶ 8-9. Later, when Plaintiff attempted to ensure that he would receive his awarded bonus that he was entitled to and asserted his right to such bonus, Plaintiff was subsequently terminated and was refused the payout of his earned bonus. Compl. ¶¶ 16, 18, & 19.

In this Complaint, Plaintiff states that the Wage and Payment Act of Va. Code § 40.1-29 protects employees' payroll and wages from being improperly deducted or withheld, both during employment and upon termination of employment and this is contrary to Virginia public policy to withhold or deny due compensation to an employee for work performed upon that employee's termination without written and signed authorization of the employee. Compl. ¶¶ 20-22. Plaintiff further alleges that Defendant terminated his employment after he insisted upon the payment of his earned and due bonus in direct violation of Virginia's public policy and in direct contravention of Plaintiff's property rights in his right to compensation under Va. Code § 40.1-29. Compl. ¶¶ 24-25.

Subsequently, Defendant filed the instant Demurrer to Plaintiff's Complaint on July 2, 2015, claiming that the Complaint fails to state a claim upon which relief could be granted. Specifically, Defendant alleges that Plaintiff does not have a cause of action for wrongful discharge because he is unable to identify any Virginia statute establishing a public policy that Defendant has violated. Moreover, in the alternative, even if the Court were to find an operative public policy in support of Plaintiff's claim of wrongful discharge under Va. Code § 40.1-29, Plaintiff's bonus was merely a discretionary bonus that does not rise to the level of "wages or salaries" as contemplated by Va. Code § 40.1-29.

*Analysis*

The purpose of a demurrer is to determine whether a complaint states a cause of action upon which relief may be granted. *Bell v. Saunders*, 278 Va. 49, 53, 677 S.E.2d 39, 40-41 (2009). A demurrer admits the truth of the facts contained in the pleading to which it is addressed as well as any facts that may be reasonably and fairly implied and inferred from those allegations. *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001). In considering a demurrer, the court is limited to review of the complaint and any attachments to the complaint. *TC MidAtlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 212, 695 S.E.2d 543, 548 (2010). To withstand demurrer, a complaint need only contain "sufficient allegations of material facts to inform a defendant of the nature and character of the claim," and need not "descend into statements giving details of proof." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993).

A demurrer, thus, tests the legal sufficiency of a pleading and should be sustained if the pleading fails to state a valid cause of action when viewed

in the light most favorable to the plaintiff. Va. Code Ann. § 8.01-273; *see Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 303, 618 S.E.2d 331, 333 (2005). Further, a demurrer cannot be used to decide the merits of a case, lest a trial court may incorrectly short-circuit litigation pretrial and determine a dispute without permitting the parties to reach a trial on the merits. *See Assurance Data, Inc. v. Malyevac*, 286 Va. 137, 139, 747 S.E.2d 804, 805 (2013).

## A. *Wrongful Discharge*

Virginia strongly adheres to the common law employment-at-will doctrine. *Bailey v. Scott-Gallaher*, Inc., 253 Va. 121, 123, 480 S.E.2d 502, 503 (1997). An employment relationship is presumed to be "at-will," where the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice. *Dray v. New Market Poultry Products*, 258 Va. 187, 190, 518 S.E.2d 312, 313 (1999). Accordingly, the traditional rule is that at-will employees have no cause of action for wrongful discharge. *See Miller v. SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987).

However, the Supreme Court noted a narrow exception to this rule, where the Court will recognize a wrongful discharge action for at-will employees when the reason for termination violates public policy. *Bowman v. State Bank of Keysville*, 229 Va. 534, 539-40, 331 S.E.2d 797, 801 (1985). To constitute a wrongful discharge under the "public policy" exception, the policy expressed by the statute must fit into one of two categories. *City of Virginia Beach v. Harris,* 259 Va. 220, 232, 523 S.E.2d 239, 245 (2000). The first instance involves laws containing explicit statements of public policy (e.g. "It is the public policy of the Commonwealth of Virginia [that] . . ."). *Id.* at 232 (internal citations omitted). The second category involves laws that do not explicitly state a public policy, but instead are designed to protect the "property rights, personal freedoms, health, safety, or welfare of the people in general," where such laws must be in furtherance of "an [underlying] established public policy" that the discharge from employment violates. *Id.* at 232-33 (internal citations omitted).

The Supreme Court has gone on to hold that viable *Bowman* claims for wrongful discharge are limited to three factual circumstances: (1) the employer violates a public policy enabling the exercise of an employee's statutorily-created right; (2) the public policy violated by the employer is explicitly expressed in a statute and the employee is clearly a member of the class of persons directly entitled to the protection enunciated by the public policy; or (3) the discharge is based upon the employee's refusal to engage in a criminal act. *Rowan v. Tractor Supply Co.*, 263 Va. 209, 213-14, 559 S.E.2d 709, 711 (2002) (internal citations omitted).

B. *Application*

Plaintiff bases his termination claim pursuant to Va. Code § 40.1-29. Both parties concede that Plaintiff's employment was at-will and that a narrow exception to the at-will employment doctrine allows for a wrongful discharge action when the termination violates public policy. Both parties also agree as to the "public policy" categories in which a *Bowman* claim be raised. Where they disagree is whether the above-mentioned statute reflects the kind of underlying public policy that is sufficient to sustain Plaintiff's *Bowman* claim.

Va. Code § 40.1-29 provides, in relevant part, that "[a]ll employers operating a business shall establish regular pay periods and rates of pay for employees . . . [and] [u]pon termination of employment an employee shall be paid all wages or salaries due him for work performed prior thereto; such payment shall be made on or before the date on which he would have been paid for such work had his employment not been terminated." Va. Code Ann. § 40.1-29(A)(1). The statute also provides in § 40.1-29(C) that "[n]o employer shall withhold any part of the wages or salaries of any employee except for payroll, wage or withholding taxes or in accordance with law, without the written and signed authorization of the employee."

The only published decision from a Virginia state court addressing a Bowman claim in relation to Va. Code § 40.1-29 is a Fairfax Circuit Court decision decided in 1990, *Millsap v. Synon, Inc.*, 19 Va. Cir. 261 (1990). Acknowledging the 1985 public policy exception announced in *Bowman*, the *Millsap* Court held that it would recognize a wrongful discharge action for at-will employees when the reason for the termination violates public policy. *Id.* at 261. In *Millsap*, after an employee sought to enforce his rights under § 40.1-29 and filed a complaint with the Virginia Employment Commission, he was terminated. *Id.* at 261.

The *Millsap* Court, recognizing that Va. Code § 40.1-29 gives employees the statutory right to receive wages and salaries, held that "in order for the goal of this statute to be realized and public policy fulfilled, an employee must be able to exercise his rights without fear of reprisal from his employer." *Id.* at 262. Hence, the *Millsap* Court determined that the plaintiff's complaint in that case stated a claim for wrongful discharge pursuant to the underlying public policy implicit in Va. Code § 40.1-29, and the defendant's demurrer against that claim was overruled.

Defendant here argues that *Millsap* is distinguishable from the present case, highlighting that § 40.1-29 provides an administrative enforcement scheme, under which a plaintiff must arguably first file a complaint with the Virginia Employment Commission then subsequently get terminated for doing so before a *Bowman* claim would be viable. Because Plaintiff in the instant case engaged only in internal communications to demand his bonus then was fired, the decision in this case is inapposite.

While it is true that the facts of the *Millsap* case differs from the present case in this regard, Plaintiff correctly points out that the key proposition in *Millsap* is a clear recognized public policy underlying the Wage and Payment Act of § 40.1-29. *Id.* at 261. Although no other state case stands for this principle, many federal cases similar in posture as to the current Plaintiff's case have acknowledged that, relying on Virginia's Wage and Payment Act of Va. Code of § 40.1-29, the second category for a wrongful discharge under the "public policy" exception is triggered, and these courts have held that "an individual's right to compensation implicates a property right that falls within the *Bowman* exception." *See Clark v. BayDocs, Inc.,* No 3:12CV896, 2013 U.S. Dist. LEXIS 46408, 2013 WL 1333520, at *13-14 (E.D. Va. Mar. 29, 2013); *Altimari v. Beverage Mktg. USA, Inc.,* No. 208cv486, 2008 U.S. Dist. LEXIS 109984, at *24 (E.D. Va. Nov. 21, 2008); *Katz v. Enterprise Solutions, Inc.,* No. 1:04CV1240 (JCC), 2005 U.S. Dist. LEXIS 37077, 2005 WL 1667791, at *6 (E.D. Va. June 21, 2005); *see also Lester v. TMG, Inc.,* 896 F. Supp. 2d 482, 487 (E.D. Va. 2012); *Wells v. G. R. Associates, Inc.,* No. Civ. A. 00-1408-A, 2000 U.S. Dist. LEXIS 22982, 2000 WL 33199263, at *6 (E.D. Va. Nov. 22, 2000).

Moreover, in observing the plain language of the Wage and Payment Act of Va. Code § 40.1-29, while it does discuss what a Commissioner of the Virginia Employment Commission may do when presented with an employer violation of this Act, the provision does not mandate any type of scheme or procedure that must be followed by an employee to validly present such a violation. *See* Va. Code Ann. § 40.1-29(A)(2); Va. Code Ann. § 40.1-29(F); Va. Code Ann. § 40.1-29(H).

Furthermore, while the *Millsap* Court acknowledges that Virginia's Wage and Payment Act gives employees the right to file claims with the Virginia Employment Commission, *Millsap*, 19 Va. Cir. at 261, it does not then follow that a claim brought under the second category of the *Bowman* exception pursuant to this underlying public policy would, therefore, be excluded. In fact, since the *Millsap* decision, a number of federal district court decisions have found a *Bowman* claim in favor of the plaintiff where the employee did not file a complaint with the Virginia Employment Commission, but made internal communications, insisting upon earned compensation before they were terminated. While Plaintiff does not allege he went through the Virginia Employment Commission prior to filing, the Court does not find this to be a requirement. *See Clark v. BayDocs, Inc.,* No. 3:12CV896, 2013 U.S. Dist. LEXIS 46408, 2013 WL 1333520, *10 (E.D. Va. Mar. 29, 2013); *Altimari v. Beverage Mktg. USA, Inc.,* No. 2:08cv486, 2008 U.S. Dist. LEXIS 109984, at *25 (E.D. Va. Nov. 21, 2008); *Katz v. Enterprise Solutions, Inc.,* No. 1:04CV1240 (JCC), 2005 U.S. Dist. LEXIS 37077, 2005 WL 1667791, at *5 (E.D. Va. June 21, 2005).

The next issue the Court must address is Defendant's argument that Plaintiff's bonus as alleged in the Complaint cannot be construed as "wages

or salaries" as contemplated by the Virginia Wage and Payment Act. As such, the alleged bonus is not a "property right" that can lead to a viable *Bowman* claim. This is an issue of first impression for the Commonwealth Courts. While Va. Code § 40.1-29 does not specifically define the terms "wages or salaries," the term "wages" has been explained in other provisions within the Virginia Code to, in fact, include bonuses. *See* Va. Code Ann. § 60.2-229(A) (where "[w]ages" means all remuneration paid, or which should have been paid . . . including commissions, *bonuses*, tips, back pay, dismissal pay, severance pay, and any other payments made by an employer to an employee during his employment. . . .") (emphasis added); *see also* Va. Code Ann. § 34-29(D)(1) ("[t]he term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, *bonus*, payments to an independent contractor, or otherwise. . . .") (emphasis added). Accordingly, to extend "wages or salaries" to include an earned performance-based bonus as alleged is not a large divide to traverse. A large portion of Defendant's argument is that the bonus was merely "discretionary," where Plaintiff was simply "eligible" for the bonus rather than had "earned" it. However, at this present demurrer stage, where the Court admits the truth of the facts contained in the pleading, the Court must, therefore, accept Plaintiff's claim that the bonus at issue was earned as a performance-based bonus as alleged. Thus, the Court finds that a plaintiff's grounds for wrongful termination does offend the public policy to protect an employee's property right in earned compensation, which can include bonuses, thereby falling within the *Bowman* exception and giving a plaintiff a cause of action. *See Altimari*, 2008 U.S. Dist. LEXIS 109984, at *26; Clark, 2013 U.S. Dist. LEXIS 46408, 2013 WL 1333520, at 425-27.

Taking all the allegations of the Complaint to be true and viewing all the facts in a light most favorable to the plaintiff, Plaintiff has averred sufficient allegations of material facts to inform Defendant of the nature and character of the claim, namely a wrongful discharge action. Further, considering both the Complaint's assertions and the relevant case law as discussed above, Plaintiff has presented sufficient allegations of material facts to support a claim of wrongful discharge, pursuant to the underlying public policy of the Wage and Payment Act of Va. Code § 40.1-29.

## Conclusion

Defendant's Demurrer is overruled, and Defendant is to file an answer within twenty-one days.